*Duncan* for appellant.

---

# Graham, &c. *vs* Lynn.

### ERROR TO THE JEFFERSON CIRCUIT.

*Amendment.   Practice.   Evidence.*

JUDGE MARSHALL delivered the opinion of the Court.

MOTION.    4bm·17
f130   701

*Case 7.*

*Sept.* 16.

The question decided by the circuit court.

THE order of the 10th of December, 1840, made in the case of Graham, &c. *vs* Switzer, as it now stands on the record of that case, and as it was read in evidence in this case, shows that, as appeared by the record, a judgment was pronounced in Court in favor of Graham, &c. *vs* Switzer, on the 6th of September, which by the mistake of the Clerk, was not then entered at large on the order book, but was on the 10th of December entered *nunc pro tunc.* The Court, by the instructions given to the jury, decided that, notwithstanding this order, an exe-

cution issued on the 17th of September, and returnable in November, purporting to be founded on a judgment between the same parties for the same debt was void, as were the acts of the officer under it, and that the return of the Sheriff thereon, importing that the defendant had no property, was not such evidence of diligence as would entitle the plaintiffs, who were suing the present defendant, as assignee of the debt, to a verdict.

If a judgment be in fact rendered by the Court, but not then fully and regularly entered, an execution thereon is not absolutely void, but voidable only; and if the judgment be afterwards properly amended, it will support the subsequent proceeding under the execution.

Waiving the question whether the return of the Sheriff, who acted under the execution as a valid precept, should not be regarded as being entitled to full weight, as evidence of the facts therein stated, though it should afterwards be discovered that there was no valid judgment, we are of opinion that the Court did not give proper effect to the order entering the judgment *nunc pro tunc.* The object and effect of such an order is to furnish proper evidence of acts properly done by the Court, but not properly exhibited by its record, and such evidence is furnished *nunc pro tunc,* for the very purpose of supporting those acts which, though the proper consequences of a judgment, would seem to be irregular and void, because there is no proper evidence of the judgment. If the judgment be in fact rendered by the Court, but not at the time regularly and fully entered, a *fieri facias* issued in pursuance of the judgment, is not void, but voidable only, and capable of complete validation, by afterwards making a proper entry of the judgment on the record, showing when it was in fact rendered, and entering it now for then.

Judgments in England are sometimes entered *nunc pro tunc,* when it appears from the record that the plaintiff *might* and *ought* to have had judgment tho' none was in fact rendered—"that the delay arising from the act of the Court may not turn to the prejudice of the party."

In the English Courts, a judgment is often rendered *nunc pro tunc,* as of the time when it appears from the record that the plaintiff might and ought to have had judgment, though none was in fact rendered at that time, (*Tidd's Practice,* 965, 972,) "that the delay arising from the act of the Court may not turn to the prejudice of the party." As when a party dies after a special verdict during the time taken for argument or for consideration, or on a motion in arrest of judgment, or for a new trial. The Court will, however, provide that other persons shall not be injured, and therefore "when leave was given to enter up judgment, as of a preceding term, *nunc pro*

*tunc,* the Court of King's Bench, in order that it might not affect intermediate purchasers and mortgagees, ordered it to be docketed of the term in which the application was made : *Baker* vs *Baker,* referred to in *Tidd's Practice,* 972. But application must be made in reasonable time, &c.

It thus appears, as indeed is implied in the terms *nunc pro tunc,* that a judgment rendered *nunc pro tunc* might have a retrospective operation, even to the injury of strangers, unless it were expressly guarded against. With much more reason may the mere entry on the order book, *nunc pro tunc,* of a judgment to which the plaintiff was not only entitled at a previous day, but which was then actually rendered, have a retrospective operation so as to support intermediate proceedings conformable with the judgment already rendered, and when the interest of no other party has been injuriously affected by the omission to enter it when it was in fact pronounced. Although therefore, the writ of *fieri facias* in this case, might have been quashed on motion, so long as no judgment appeared on the order book, yet the judgment might, if there were sufficient grounds for it, have been put there *nunc pro tunc,* even during the pendency of the motion, with the effect of removing the ground of quashal, and making good the writ and the acts done under it. And so, if the entry *nunc pro tunc* were made on sufficient ground during the pendency of this trial, such entry read as part of the record of the case in which it was made, would have removed all objections to the validity of the execution, and the verity of the officer's return thereon, so far as such objections were founded upon the mere fact that there was no judgment on the order book during the life of the execution.

But although the *nunc pro tunc* order as it now stands, seems to have been read in evidence in this case, without objection, yet it also appears from the bill of exceptions, that as originally made, it referred to the 6th of December instead of the 6th of September, as the day on which the judgment was pronounced by the Court, and that on motion of the plaintiffs, during the trial of this case, said order was amended "by the Judge's notes on

his docket, and the Clerk's endorsements on the papers,"
so as to insert the 6th of September instead of the 6th of
December, to which the present defendant objected.
And it is argued, that there was no sufficient authority for
this amendment, and therefore, that the record is open to
the same objections as if it had not been made; that as
it stood before the amendment it was no evidence of due
diligence, and that even if the Cout erred in its instruc-
tion upon the facts therein assumed as to the record, the
judgment ought not to be reversed because the record had
been improperly put in the shape which the instruction
assumes it to be in.

It is to be observed, however, that the record of Gra-
ham, &c. vs Switzer, containing the order as it now
stands, was read in this case without objection.   The or-
der for its amendment, though made in the progress of
the trial of this case, was, strictly speaking, a proceeding
in the other case, the record of which affords no indica-
tion that such an amendment was made, but exhibits the
order in its present shape as if it had been so made on
the 10th of December.   It appears indeed that the pres-
ent defendant objected to the amendment.   But the ques-
tion of its propriety or impropriety would seem to belong,
in the first instance at least, to the other case ; and the
most appropriate, perhaps the only proper mode of bring-
ing up that question in this case, would seem to have
been to have made some direct objection to its admissi-
bility or effect in this case, on the ground that it had been
improperly altered; and if the objection had been over-
ruled, the grounds of the alteration and the evidence in
favor of it might have been fully stated.   Had the pres-
ent defendant a right to object to the amendment of a re-
cord to which he was no party? And if, looking to the in-
tended use to be made of it, he had a right to object, does
his mere objection, without any exception to the decision
of the court on the point, or to the order for the amend-
ment, and without any objection to the admissibility of
the amendment as evidence, present the question of its
propriety for our decision in this case?   We are by no
means certain that it does, and therefore we should hesi-
tate to affirm the judgment founded upon a verdict pro·

If during the pro-
gress of a trial,
a record is a-
mended in one
suit, and that re-
cord offered in
evidence in the
suit under trial
without objec-
tion, the regu-
larity of the
amendment can-
not be here ques-
tioned.

duced by an erroneous instruction, if we were even satisfied that the grounds and authority' for making the amendment, as they appear in the present bill of exceptions, were insufficient. For if the question had been directly made in the Circuit Court, still further evidence might have been produced to authorize or to sustain the amendment. We are inclined to the opinion however, that there was sufficient ground for the amendment, and for the following reasons:

1. The undisputed record of the case shows that the process was served in time for judgment at September term, and that there was no defence; the presumption therefore is, that the case was regularly called, and that the plaintiffs being entitled to judgment, as a matter of course, a judgment was then pronounced or ordered in the usual way by the Court. 2. The notes of the Judge upon his docket, showing that a judgment was thus rendered on the 6th of September, though not perhaps entitled to the absolute verity of a record, must be regarded as furnishing very high and convincing proof of such a fact; and 3d. The endorsements by the Clerk on the papers which are prescribed by Statute, (3 *Stat. Law*, 136,) and required to state the various steps taken in the cause, and their dates, and to be preserved in a particular manner, being prescribed obviously for the very purpose of providing and preserving an additional, permanent and official memorial of these facts : Such a memorial would seem to be entitled to as much credit, and to be of as high authenticity as the minute book; and it has been decided that a judgment may be amended by the minute book.

Wherefore, for the error in the instruction above noticed, the judgment is reversed and the cause remanded, that a new trial may be had in conformity with this opinion.

*Guthrie and Minor* for plaintiffs : *Marshall* for defendant.

GRAHAM, &c.
*vs*
LYNN.

When the record shows service of process in due time, no defence —the Judge's notes that judgment was rendered—the endorsement by the Clerk on the papers of *judgment*, are sufficient to authorize final entry of judgment, *nunc pro tunc.*