Perdue, by next friend, *vs.* Bradshaw.

---

No. 31.—A. J. PERDUE, by his next friend, &c. plaintiff in error, *vs.* JOHN BRADSHAW, defendant in error.

[1.] 66th Common Law rule, providing that "when a verdict has been obtained at Common Law, and an appeal entered without judgment signed upon the said verdict, judgment shall not afterwards be signed further back than the time of disposing of said appeal," so far modified as to allow a *nunc pro tunc* judgment; but not to prejudice the intermediate rights of third persons.

Motion, in Marion Superior Court. Decided by the Justices of the Inferior Court, called in to preside on account of the interest of the presiding Judge, at February Term, 1855.

A motion was made to enter a judgment *nunc pro tunc*, upon this state of facts. A verdict had been rendered by a Petit Jury and an appeal entered. The motion was made to enter a judgment on the first verdict. The Court refused the motion, under the 66th Common Law rule. The validity and

effect of that rule is the only question made by this writ of error.

Judge BENNING, having been of Counsel, did not preside.

C. W. MILLER; SMITH & POU, for plaintiff in error.

BLANDFORD & CRAWFORD; S. HALL, for defendant in error:

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The Common Law rule is, that all judgments, whether interlocutory or final, shall be entered of record, of the day of the month and year *when signed;* and shall not have relation to any other day. Still, the discretion is given to the Court or Judge to order a judgment to be entered *nunc pro tunc.* Indeed, it is not only competent to do this, but it seems to be almost a matter of course.

By the 66th Common Law rule of practice, adopted by the Judges of the Superior Courts in this State, it is provided that "in all and every case, when a verdict has been obtained at Common Law and an appeal entered without judgment signed upon the said verdict, judgment shall not afterwards be signed further back than the time of disposing of said appeal." (2 *Kelly,* 479.)

Feeling itself compelled by this rule, the Circuit Court refused permission to sign a *nunc pro tunc* judgment in this case.

This rule of practice was adopted, no doubt, to protect the rights of third persons, which may have accrued between the rendition of the first and the final verdict. But the same object can be secured, without prescribing an arbitrary rule, which seems to trench not only upon the Common Law, but the rights of the parties. True, by his *laches,* the plaintiff is placed in a condition where the Court is entitled to grant him relief upon terms. But the punishment ought to be proportioned to the offence, and should not be vindictive. Acting

upon this principle, our judgment is, that the *nunc pro tunc* order should have been allowed, accompanied, however, with the proviso, that the same should not prejudice third persons who had acquired rights intermediate the first and second verdicts.