ACKLEN, Adm'r, *vs.* ACKLEN et al.

[BILL IN CHANCERY BY ADMINISTRATOR, TRANSFERRING ADMINISTRATION OF
INSOLVENT ESTATE FROM PROBATE TO CHANCERY COURT.]

1. *Decree of insolvency, nunc pro tunc ; when takes effect against creditors.*
A decree of insolvency of the estate of a decedent, entered *nunc pro
tunc* in the probate court, under section 796 (5a) of the Revised Code,
takes effect against the creditors of the estate, in reference to filing
their claims, from the date of its actual entry.

Appeal from Chancery Court of Madison.
Heard before Hon. Wm. Skinner.

The appellant, as administrator of the estate of A. A.
Acklen, deceased, on the first of September, 1866, filed his
petition and schedules, duly verified, in the probate court
of Madison county, alleging the insolvency of the estate he
represented. The court appointed the 8th of October,
1866, as the day for hearing the petition, on which day no
contest was presented by the creditors, and no further
action was had by the court, until July 13th, 1867, when a·
decree of insolvency was entered *nunc pro tunc,* as of Octo-
ber 8th, 1866. No creditor of the insolvent estate filed his
claim within nine months from the 8th of October, 1866 ;
but all were filed in the proper office within nine months
from the 13th of July, 1867 ; and these claims the register,
to whom the matter was referred (the administration of the
estate having been transferred to the chancery court,) report-
ed as having been filed in due time. To the allowance of
these claims by the register, and to the confirmation of the
register's report by the chancellor, appellant excepted, and
here assigns the same as error.

David P. Lewis, for appellant.—The first exception to
the report of the register embraces every claim against the
estate. They are all excepted to severally, and are equally
liable to the exception ; and every claim being obnoxious

to the exception, and as to this, the report being wrong *in toto*, the exception is sufficiently particular.—*Noble et al. v. Wilson*, 1 Paige, 164 ; *O'Riley, Administrator, v. Brady*, 28 Ala. 535.

The validity of that exception depends on this question : When was Acklen's estate declared insolvent ?

It is submitted that the judgment *nunc pro tunc*, entered by the probate court on the 13th of July, 1867, operates retrospectively from the 8th of October, 1866.—Rev. Code, § 796 (5*a*).

The entry *nunc pro tunc,* if legal, must relate to the time at which it should have originally been entered, viz., October 8th, 1866, by the very terms of section 796 (5*a*) of the Revised Code, no less than by the universal construction of such entries.   The view of the court below in giving effect to the entry of the judgment *nunc pro tunc* only from the date of the entry, can not be sustained.

It is to be observed, that if the estate of Acklen was not declared insolvent on the 8th of October, 1866, then there has been no judicial ascertainment of insolvency.

That decree of insolvency can not now be disregarded, unless the same is absolutely void.   If mere errors have intervened, that does not invalidate the decree ; especially when the same have been acquiesced in, and waived.   Unless it is shown, then, that the decree of insolvency rendered July 13th, 1867, *nunc pro tunc*, is absolutely void, that decree is valid from October 8th, 1866.   And the latter (October 8th, 1866,) is the date from which the nine months must be computed, to determine whether the claims against the estate were presented and verified, according to section 2196 of the Revised Code.

The record shows that the directions of sections 2178, 2179, 2180, and 2181, of the Revised Code, were complied with in every respect.   There is not one jurisdictional fact wanting ; and as no creditor tendered a contest of the allegation of insolvency, section 2187 of the Revised Code made it the duty of the court to decree the estate insolvent on the 8th of October, 1866.

Everything is recited in the judgment *nunc pro tunc* as judicially ascertained, that the law requires to authorize

its entry; and no other court could ascertain these juris-
dictional facts.

ROBINSON & WALKER, *contra*.—The declaration of insol-
vency, made on the 13th of July, 1867, if valid, can not re-
late back to the 8th of October, 1866, so as to defeat claims
which were not filed within nine months after the latter
date. The most vigilant creditor would have searched the
records of the probate court in vain for any evidence that
the estate had been declared insolvent, until the 13th of
July, 1867—nine months and five days *after* the 8th of
October, 1866. To make the decree of the 13th of July,
1867, relate back to the 8th of October, 1866, would be to
bar the claims of creditors, before any evidence what-
ever existed of a declaration of insolvency. No such evi-
dence was in existence, until the entry of the decree of the
13th of July, 1867; and this entry was made more than
nine months *after* the 8th of October, 1866. No notice of
a declaration of insolvency on the 8th of October, 1866,
was given the creditors as required by the statute.—Rev.
Code, § 2188.

The first notice given to the creditors was under, and in
pursuance of the decree of the 13th of July, 1867.

Moreover, the statute requires, that when an estate is
declared insolvent, the court must make an order for the
administrator to make a settlement, not more than sixty
days from the declaration of insolvency.—Revised Code,
§ 2187.

There was no order made on the 8th of October, 1866,
requiring the administrator to make settlement within sixty
days. But on the 13th of July, 1867, an order was passed,
requiring the administrator to make settlement on the sec-
ond Monday in September, 1867, which was nearly two
years after the 8th of October, 1866.

Upon a fair construction of the provisions of the Code
in relation to insolvent estates, the claims of creditors
are not barred in consequence of a failure to file them,
unless notice of the declaration has been ordered and
given, as required by section 2188 of the Revised Code.

In the present case, there was not only no such notice

ordered or given until the 14th of July, 1867, but there was not, until that date, any evidence on the record showing that the estate had been declared insolvent. This court is now asked to decide that the claim of creditors are barred because they were not filed before there was any evidence of a declaration of insolvency on the record, or any notice of such declaration given or ordered to the creditor. It is impossible to reconcile such a proposition with either reason or justice.

B. F. SAFFOLD, J.—The sole question at issue in this case is, whether a decree of insolvency entered *nunc pro tunc* by the probate court, on the 13th day of July, 1867, shall take effect against the creditors of the estate in reference to filing their claims from the date of its entry, or from the 8th of October, 1866, the time when it should have been made.

The decree was entered under the provision of section 796 (5a) of the Revised Code, which is as follows :

" Judges of probate have authority to complete the minute entries and decrees in causes in their courts, when the same are incomplete on account of their failure to make the necessary entries at the time when they should have been made, but the necessary applications and proof must first be made ; and such entries, orders and decrees are as valid and binding as if they had been made at the proper time."

It will be observed that this statute is much more comprehensive than that allowing amendments of the record in the circuit court. By the latter, clerical mistakes only can be corrected ; and in cases where there is sufficient matter apparent on the record or entries of the court to amend by.—Rev. Code, § 2807. By the former, record evidence is not indispensable, and, consequently, more latitude of construction as to the effects of a judgment so recorded is permissible.

Generally, judgments *nunc pro tunc* are discretionary with the court, at least to the extent that in granting the indulgence the courts will take care that it shall not operate to the prejudice of the defendant. They will make the plain-

tiff undertake not to disturb intermediate payments made by the defendant, or impeach judgments obtained in the interval.—Tidd's Prac. 933 ; 6 Danf. & East, 11 ; 4 Taunt. 702. When leave was given to enter up judgment as of a preceding *nunc pro tunc*, the court of King's Bench, in order that it might not affect purchasers and mortgagees, ordered it to be docketed of the term in which the application was made.—Tidd's Prac. 959 ; *Baker v. Baker, Ex'rx*, H. 35, George III, K. B. ; 2 Kent, 442.

There is eminent propriety in so construing such a law as the one under consideration as to give a plaintiff the right to which he was entitled, and at the same time protect the interests of the defendant and others against that which did not exist at the time they accrued.

The authorities above quoted, and the justice of the case, require us to decide that the decree of insolvency took effect against the appellees from the 13th of July, 1867, the date of its actual entry.

The decree is affirmed.