McCLANNAHAN v. SMITH, *Appellant*.

1. **Judgments nunc pro tunc:** EFFECT ON RIGHTS OF THIRD PARTIES. It is well settled that a judgment *nunc pro tunc* cannot be made to operate to the prejudice of the rights of third parties acquired in good faith between the time of the rendition of the original judgment and the entry of the judgment *nunc pro tunc*. Hence, where a lot set off by a decree in partition to one of the parties was by her sold to a stranger, and afterward the decree, which, as at first entered, contained no order in relation to costs, was amended *nunc pro tunc*, so as to authorize the issuance of an execution for the costs, and an execution was issued and the lot sold thereunder; *Held*, that the purchaser at the execution sale acquired no title as against the other purchaser, it not appearing that the latter at the time of his purchase had any knowledge or notice of the facts which authorized the correction of the judgment.

2. **Amendments of Pleadings after Judgment.** After a motion for new trial had been overruled, the court permitted the *ad damnum* clause of the petition to be amended to conform to the proof whereby the plaintiff's claim for damages was increased from $100 to $500. *Held*, no error.

3. **Ejectment:** DEFENDANT'S CLAIM FOR IMPROVEMENTS. The only way for a defendant in ejectment to obtain the value of his improvements made by him in good faith, is to proceed under section 2259 and 2260, Revised Statutes, after judgment against him for possession.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

AFFIRMED.

*M. D. Trefren* for appellant.

HOUGH, C. J.—This is an action of ejectment for lot

13, block "H," in Ranson & Tally's addition to the City of Kansas. The lot in controversy was, with other property, set off to Amanda E. Gaines in a suit in partition, brought by her and her husband and one Ranson, against a number of persons who were tenants in common with them of said lot and a large amount of other property, all of which was divided without sale. In the final judgment in partition, which was rendered in January, 1873, there was no judgment for costs. There was a direction in the judgment that the attorney's fee allowed by the court should be taxed as costs, but that was all. In March, 1873, Amanda E. Gaines and her husband sold the lot sued for to Mittie E. Benton, and in July of the same year, Mittie E. Benton and her husband sold and conveyed it to the plaintiff. In January, 1875, a judgment *nunc pro tunc* was rendered in favor of the defendants and against the plaintiffs for all the costs, and also in favor of the plaintiffs against each of the defendants for his proportional share of the costs, and execution was ordered to issue accordingly. On June 4th, 1875, the lot in controversy was sold under an execution issued on the 10th day of April, 1875, under the *nunc pro tunc* judgment against the plaintiffs, and the defendant Gill became the purchaser.

The question is, which has the better title, the plaintiff or the defendant

Under the judgment rendered in 1873 no lien on the land was created in favor of any one, and no execution could issue on said judgment. A fee bill might have issued for the costs, if they had not been paid by the petitioners in the first instance, as required by section 22, 1 Wagner's Statutes, page 345 ; but even if a fee bill had issued, and if under section 1 of the act in relation to fees, ( 1 Wag. Stat., p. 618,' such fee bill could have been levied on land, still it would not have been a lien on the lot set off to Mrs. Gaines until it was levied. 1 Wag. Stat., p. 607, § 23. At the time the plaintiff purchased, therefore, there was no judg-

1. JUDGMENTS NUNC PRO TUNC: effect on rights of third parties.

ment which was a lien on the land in controversy; nor was there any lien by reason of the levy of a fee bill, and the plaintiff could at most be charged with notice only of the fact that Mrs. Gaines, through whom she claims title, was subject to have a fee bill issued against her for the costs.

The validity of the *nunc pro tunc* judgment cannot be assailed in this proceeding, as it recites on its face facts sufficient to authorize it; but it is well settled that such a judgment cannot be made to operate to the prejudice of the rights of third parties acquired in good faith between the time of the rendition of the original judgment and the entry of the judgment *nunc pro tunc*. *Hays v. Miller*, 1 Wash. Ter. 163; *Galpin v. Fishburne*, 3 McCord 22; *McCormick v. Mellick & Co.*, 36 Ill. 114; *Acklen v. Acklen*, 45 Ala. 609; Tidd's Prac., 933.

Parties are not bound to take notice of the judge's minutes, or the minutes of the clerk, but in cases like the present they may safely rely upon the enrolled judgment of the court as expressing the action of the court, and as importing absolute verity. There is no suggestion in the record before us, that the plaintiff had either knowledge or notice that any judgment for costs against the petitioners had ever been rendered by the court and omitted from the record through the misprision of the clerk. We are of opinion, therefore, that the plaintiff has the better title.

After the trial was concluded, and after a motion for new trial had been overruled, the court permitted the

2. AMENDMENTS OF PLEADINGS AFTER JUDGMENT. plaintiff to amend the *ad damnum* clause of her petition to conform to the proof, by striking out the word "one" and inserting the word "five," so as to increase her claim for damages from one to five hundred dollars. In this there was no error.

Thereupon the defendant asked leave to file an answer setting up that he had made improvements on the land, amounting in value to $300, and praying that the same might "be recouped against any sum found for the plaint-

iff." The court refused to permit the answer to be filed, and in so refusing committed no error. The fact stated constituted no defense. This was expressly held in the case of *Henderson v. Langley, ante,* p. 226. To obtain the value of improvements made by him in good faith, the defendant must proceed under sections 2259 and 2260 of the Revised Statutes, after judgment is rendered against him for the possession.

The judgment will be affirmed. The other judges concur.