KOCH v. THE ATLANTIC & PACIFIC RAILROAD COMPANY *et al.*, *Plaintiffs in Error.*

**Nunc pro tunc Judgments:** VALIDITY AS AGAINST STRANGERS: SURETIES IN APPEAL BOND. In order that a *nunc pro tunc* entry of judgment may bind a person who is not a party thereto (such as a surety in a supersedeas bond given on appeal from the judgment as first entered), it must appear that he had notice of the judgment really rendered at the time his rights were acquired or his liability fixed thereunder, or that he had notice of the application to have the *nunc pro tunc* entry made and an opportunity to appeal therefrom.

*Appeal from Osage Circuit Court.*—HON. A. J. SEAY, Judge.

REVERSED.

*Smith & Krauthoff* for plaintiff in error.

*Belch & Silver* for defendant in error.

HOUGH, C. J.—On the 28th day of April, 1875, the plaintiff's intestate recovered judgment in the Osage circuit court against the Atlantic & Pacific Railroad Company, for killing stock, and judgment was entered against said company for $50. From this judgment an appeal was taken to this court, and said judgment for $50 was, at the April term, 1877, affirmed. The defendant Bonnot was a surety on the appeal bond executed by the railroad company in said cause. After the affirmance of said judgment by this court, and at the October term, 1877, of the Osage

circuit court, a judgment *nunc pro tunc* was entered for the sum of $100, on the ground, recited in said judgment, that a motion for double damages had been filed by the plaintiff and sustained by the court after the verdict in said cause at said April term, 1875, and that the clerk had omitted to enter judgment accordingly. On the 22nd day of March, 1878, the present suit was instituted against the railroad company and said Bonnot on said appeal bond, and judgment was rendered against the defendants for the full amount of the *nunc pro tunc* judgment, and they have appealed to this court.

As between the parties to a judgment in the circuit court, there is no period fixed by statute within which entries *nunc pro tunc* must be made. It is settled that such entries cannot be made to the prejudice of third parties. *McClannahan v. Smith*, 76 Mo. 428. In some cases it may be that such entries should not be allowed after an affirmance by this court of the judgment of the circuit court, as entered by the clerk, thereby giving the party obtaining the judgment in the trial court the benefit of the affirmance of a judgment which was not brought to the attention of this court. It might be that if the judgment really rendered had appeared in the record, the judgment of this court would have been different. These questions, however, are properly determinable on appeal from the order of the court allowing the *nunc pro tunc* entry.

Where it appears, however, as in the present case, that a stranger to the original judgment is sought to be affected by the *nunc pro tunc* entry, in order to bind such party, it must also appear that he had notice of the judgment really rendered by the court at the time his rights were acquired or his liability was fixed thereunder, or that he had notice of the application to have such judgment entered, and an opportunity to appeal. And when such entry may properly be made after a cause has been finally disposed of by this court, notice to the opposite party to the suit as well as to all parties interested, is certainly essential to its valid-

ity. No such notice appears in this record, and without inquiring into the sufficiency of the recitals on which the *nunc pro tunc* entry was based, the judgment will be reversed and the cause remanded. All concur.