## DELHA EASTHAM, EXECUTRIX vs. SALLIS, ADMINIS-TRATOR, AND J. R. RALSTON.

### SUPREME COURT, GALVESTON TERM, 1883.

*Jurisdiction of the Probate Court—Practice.* It is within the power of the probate court to inquire into the right of priority of payment of the claim of one creditor of an estate over that of another out of the proceeds of property sold, when both have been properly classified, even if both creditors had liens upon the property.

*Estates of decedents—Property rights of conflicting liens—Classification.* Where two parties hold debts secured by mortgage or other lien, if properly probated, they would each be classed as claims of the third class, and the one secured by the mortgage or lien first acquired, no fact to postpone it intervening, would be entitled to priority of payment out of the proceeds of the sale of the property; and that both had been properly classified, could not affect the power of the probate court to inquire as to which should be first paid.

*Registration of liens* has for its purpose the publication of the lien to such persons as may have dealings with the judgment debtor with respect to the land upon which the lien subsists. Where then the judgment recorded in the county in which the encumbered land is situated, is insufficient to create a lien upon it, a subsequent amendment of the judgment could not give it a force which it did not have originally, by validating the record. The doctrine is that none other than a final judgment can fix a lien, and when such is rendered, it is necessary that evidence of it be placed in such form as to give notice of its existence to those dealing with the judgment debtor, or as to them it cannot be operative in fixing a lien on property.

*Judgment.* However correct in other respects a judgment may be, if it contains

no declaration "of the decision or sentence of the law pronounced by the court upon the matter contained in the record," it is insufficient as a final judgment. The judgment involved in this proceeding contains no declaration that the plaintiff was entitled to receive any sum of money, and hence was insufficient as a final judgment, and hence to fix the lien in this case. Note the opinion for statement of case elucidating the principles above announced.

Writ of error from Washington County.

*J. T. Swearengen* for the plaintiff in error.

*Breedlove & Ewing and Vinson* for defendants in error.

Opinion by Stayton, J.

The statement of the nature and result of the suit as made by counsel for plaintiff in error is as follows :

Eastham obtained judgment January 11, 1878, against D. E. Sallis, in the district court of Washington county, and had the judgment recorded in Lampassas county, where the defendant, D. E. Sallis, owned 195½ acres of land.

D. E. Sallis executed a mortgage on the same land to J. R. Ralston, May 23, 1878, to secure a note executed by him to Ralston, and which was recorded in Lampassas county. The judgmemt in favor of Eastham, was recorded March 19, 1878, and the mortgage to Ralston was recorded June 29, 1878, more than three months afterwards.

D. E. Sallis was insolvent and owned no other land besides the 195½ acres. In 1880 he died, and on the 2 of April, 1881, appellees, Chappell and W. G. Sallis, qualified as his administrators.

Eastham presented the administrators a certified copy of the judgment which had been recorded in Lampassas county for their acceptance. This was rejected. Thereupon plaintiff brought suit to have it established.

The plaintiff dismissed this suit and filed a motion to have the judgment corrected *nunc pro tunc* which was sustained October 27, 1881. The claim then comprising a certified copy of the original judgment with its certificate of registration in Lampassas county, and the order of the district court awarding the same, was presented to the administrators and accepted by them as a just claim against the estate, within less than ninety days after the first presentation. It was then filed with the clerk of the county court, and was classed as a third class claim on the 21st of November, 1881, by the county judge, who endorsed his approval on both the copy of the original

judgment recorded in Lampassas county and on the certified copy of the order awarding the same *nunc pro tunc.*

Ralston's note and mortgage was also presented and classed as a claim of the third class. Each claimant filed an application for sale of this land in the county court in satisfaction of his lien, and each opposed the application of the other. The two applications and objections were heard together in the county court, which rendered judgment in favor of Ralston, ordering the land sold in satisfaction of his lien. From this judgment Eastham appealed to the district court. The district court rendered judgment September 7, 1883, giving Ralston priority of payment, but classing Eastham's claim as a claim of the first class, and entitled to the residue of the proceeds of the 195½ acres, after satisfaction of Ralston's claim.

B. Eastham died October 10, leaving plaintiff in error executrix of his will, who brings the above judgment before this court for revision.

It is claimed that the action of the probate court in classifying the Eastham judgment was conclusive, and that the court in this cause had no power to inquire as to the priority of the claims of the respective parties. The classification of the respective claims could not have the effect of precluding the probate court from making an inquiry as to the right of priority of payment over the other, out of the proceeds of the sale of the property, even if they both had liens upon it.

If both parties hold debts secured by mortgage or other lien, if properly probated, they would each be classed as claims of the third class, yet the one secured by the mortgage first executed, or lien first acquired, there being no fact to postpone it, would be entitled to priority of the proceeds of the sale of the property, and the fact that they had been properly classified could not affect the power of the probate court to inquire as to which one was entitled to be first paid. Rev. Stats. 2037.

There is a seeming inconsistency in the ruling of the court below in holding that the claim of Eastham was secured by lien and at the same time postponed it to the claim of Ralston; for if the claim of Eastham be secured by lien, it must be by reason of the record of the judgment made in Lampassas county prior to the time the mortgage to Ralston was executed, for it does not appear that the judgment in favor of Eastham as amended was ever recorded in Lam-

passas county. This, however, canno affect the merits of the controversy between the plaintiff in error and Ralston, and the administrators of Sallis' estate have not assigned error, and it is therefore unnecessary to consider the effect of the classification of the claim on them. The judgment as originally rendered in favor of Eastham was presented with its certificate of record, and creditor's affidavit, to the administrators of Sallis' estate, and was by them rejected, and never afterwards established by suit.

The judgment as amended was also presented and it was allowed, approved and classified as a claim of the third class, and it seems that at the same time this was done, the county judge also approved and classified as a claim of the third class, the judgment as originally rendered and as recorded in Lampassas county. The judge who tried the cause found that the judgment as originally rendered, as well as the amended judgment was presented to the administrators of the estate, and that both were allowed at the same time. This will be considered as true, and hence no inquiry need be made as to the necessity for presenting such paper as may evidence a lien as well as the instrument which evidences the debt, for allowance and approval, if they be on detached papers. It is insisted that the record of the judgment as it stood prior to its amendment, gave a lien upon the land in Lampassas county from the date of its record in that county; and also that the judgment when amended, related to the judgment of January 1878, and thus validated the record and gave the lien from the date of registration, if it did not exist prior to the amendment.

Assignments of error present these propositions. It is certainly true if the the judgment as recorded in Lampassas county did not give a lien upon the land there situated, that its subsequent amendment could not give it an effect which before it had not. The very purpose for which registration of the judgment is required is to give notice to such persons as may deal with the judgment debtor in regard to the property upon which the lien is acquired, of the existence of the lien.

The amended judgment, never recorded, could not give such notice, nor defeat a right acquired long before the amendment was made. Judgments *nunc pro tunc* are never permttied to effect the rights of such persons as have acquired rights between the time a judgment is really rendered and the time at which the judgment is

entered upon the minutes now for then, such persons having no notice of the judgment. Freeman on Judgments 66; Jordan vs. Petty, 5 Fla., 326; McCormack vs. Wheeler, 36 Ill., 114; Graham vs. Lynn, 4 Monroe 18; Acklin vs. Acklin, 45 Ala., 609; Ligon vs. Rogers, 12 Ga., 281; Perdue vs. Bradshaw, 18 Ga. 287.

It is well settled that no other than a final judgment can give a lien. Freeman on Judgments, 340, and citations.

The statute expressly restricts such effects to final judgments. Acts 1866, 118.

When such a judgment is rendered, it is necessary that evidence of it be placed in such form as to give notice of its existence to persons dealing with the judgment debtor, or as to them it cannot be operative in fixing a lien upon property. A judgment really rendered by a court, but not properly entered upon its record, as between the parties to it, may be the basis of rights, but to affect third persons with notice of a lien given by a judgment, or its registration, its form must be such as to convey notice of its existence.

The entry originally made in the minutes of the district court of Washington county shows, first, that the court declared the default of Sallis, and that by reason thereof the plaintiff ought to recover his damages; and second, that the court ordered the clerk to assess the damages and that this was done, and that the court directed in language appropriate to a judgment, that execution issue against each party for the costs by them severally incurred.

There is, however, no declaration in the record of "the decision or sentence of the law pronounced by the court upon the matter contained in the record." In the absence of this, there was no final judgment.

The assessment of the damages by the clerk could have no greater effect than the verdict of a jury, which, however formal, is but the basis upon which a judgment may be rendered by the court.

The entry in this cause claimed to be a final judgment contains no declaration that the plaintiff, in the opinion of the court, was entitled to receive from the defendant any sum of money; the mere fact that the clerk may have assessed the damages at a certain sum is not sufficient. In the cases of Barnett vs. Caruth, 22 Texas, 174; and Dyer vs. Sullivan, 18 Texas, 770, the entries were very similar to that relied upon in this case, and they were held insufficient. As said in Spivey vs. Williams, 20 Texas, 443 : "the very object of a suit is

to adjudicate and declare the respective rights of the parties, in a shape so that the ministerial officers can, with certainty, carrry into execution the judgment of the court without the ascertainment of additional facts. It is obvious that such is not the case here. See also Stafford vs. King, 30 Texas, 277.

A judgment for costs which does not dispose of the subject matter of the suit has been often held by this court not to be a final judgment. Warren vs. Sherman, 5 Texas 441; Neyland vs. White, 25 Texas, 319; Martin vs. Wade, 22 Texas, 224; Fitzgeraldvs. Fitzgerald, 21 Texas, 416.

The court, we believe, properly held that the certified copy of entry made in the district court of Washington county on January 11, 1878, was not such a judgment as would give lien by its registration, and the judgment is affirmed.