CLARK & LEONARD INVESTMENT COMPANY, APPELLEE, v.
CHARLES W. RICH ET AL., APPELLANTS.

FILED APRIL 10, 1908.  No. 15,099.

1. Judgment: ENTRY NUNC PRO TUNC. Judgment *nunc pro tunc* may
be entered in two classes of cases: First, those cases in which
the suitors have done all in their power to place the cause in
condition to be decided by the court, but in which; owing to the
delay of the court, no final judgment had been entered until the
death of one of the parties or some other occurrence would
prejudice a party in not having the judgment entered as of the
date when the case was submitted to the court. The second class
embraces those cases in which judgment, though pronounced by
the court, has from accident or mistake of the officers of the
court never been entered in the court records. In such cases
the court will order the judgment actually rendered entered
*nunc pro tunc* on the production of satisfactory evidence that
the judgment was rendered as alleged.

2. ———: ———: Such entry will not, however, be allowed to the
prejudice of a third party who has become the owner of the
property which will be affected by the order, and such party may
appear and resist the entry of a judgment *nunc pro tunc* which
will prejudice his interest.

APPEAL from the district court for Hitchcock county:
ROBERT C. ORR, JUDGE. *Reversed.*

*Foss & Brown,* for appellants.

*S. L. Geisthardt* and *Boyle & Eldred,* contra.

DUFFIE, C.

April 16, 1906, the plaintiff filed in the office of the
clerk of the district court for Hitchcock county, Nebraska,
a motion of which the following is a copy: "Comes now
the plaintiff, the Clark & Leonard Investment Company,
and moves the court to order the present clerk of this
court to enter of record as of November 18, 1893, the
decree pronounced in this cause on said date, in words,
24

letters and figures set forth in a draft of said decree on file in this cause, and a true copy whereof is annexed to the affidavit of L. H. Blackledge filed herewith, for the reason that the clerk in office at the time said decree was pronounced has failed and neglected to enter the same upon the journal of this court." April 17, 1906, the court made an order to show cause, if any, on or before April 19, why plaintiff's motion shall not be granted, and the decree asked by the plaintiff entered upon the journal of the court *nunc pro tunc.* The order to show cause was served upon W. Z. Taylor, who was in possession of the land described in the proposed decree. April 19, 1906, Taylor filed objections to the plaintiff's motion and to the granting thereof, which sets forth the following facts: In May, 1890, Chas. W. Rich was the owner of the northeast quarter of section 7, township 4, of range 32, in Hitchcock county, Nebraska, and made a mortgage thereon to the plaintiff for $500, and a second mortgage for $50 securing interest upon the principal sum. The $500 mortgage the plaintiff sold to one Cal Thompson, and on September 14, 1893, it brought foreclosure proceedings upon the second mortgage, in which action a decree was pronounced November 18, 1893, but which was never entered of record; the decree as pronounced giving the plaintiff herein a lien for the amount of its mortgage, subject to the lien of the mortgage held by Thompson. That the clerk failed to enter any decree of record or to index the same. November 7, 1893, the mortgaged premises were sold for taxes to the Western Land Company, and in February, 1899, said company foreclosed its tax lien, making Cal Thompson and the plaintiff herein parties defendant. Thompson filed a cross-petition asking foreclosure of his mortgage, the plaintiff herein entered its voluntary appearance in said cause, but failed to ask for any relief. A decree was duly rendered in said tax foreclosure case February 27, 1899, awarding the Western Land Company a first lien for the amount of taxes paid on the land, and Cal Thompson a second lien for $852 due upon his

mortgage. In March, 1899, Taylor purchased from Thompson and the Western Land Company, the decree entered in their favor in the tax foreclosure case, and at a later date purchased from Rich the fee title to the land in question, and, not being aware of the pendency of the foreclosure proceeding of the Clark & Leonard Investment Company against Rich, he canceled of record the judgment and decree by him purchased from Thompson and the Western Land Company in order that his title to the land might stand clear upon the record. That, being owner of the land against which it is sought to have the decree entered, as well also of the decree given in favor of Cal Thompson and of the Western Land Company in the tax foreclosure proceeding, he objects to the granting of the plaintiff's motion, and the entry of the decree *nunc pro tunc*, which would cast a cloud upon his title. He further asked to intervene in the action, and tendered an answer setting out the facts set forth in his objections above referred to.

On motion of the plaintiff the court struck Taylor's objections and answer from the file, and at a later date, as we judge from the final journal entry of the case, Taylor was allowed to refile his objections and answer, and the court entered the following final order in the case: "And now on this 23d day of October, 1906, this cause came on for hearing on the motion of the plaintiff for a *nunc pro tunc* entry of the decree rendered in said cause November 18, 1893, the answer and objections of Wiliam Z. Taylor thereto, the motion of the plaintiff to strike said answer and objections, and at request of William Z. Taylor he is allowed to refile answer and objections, and said cause being finally submitted to the court upon the foregoing papers and petition of intervention of William Z. Taylor this date filed, on consideration whereof it is ordered by the court that the answer and objections of William Z. Taylor to the *nunc pro tunc* entry of said decree be over-ruled, to which said William Z. Taylor excepts, and it is further ordered by the court that the motion of the

plaintiff for the *nunc pro tunc* entry of said decree be sustained, to which W. Z. Taylor excepts. It is therefore considered and ordered by the court that the clerk of said court enter of record on the journal of said court the decree rendered herein on the 18th day of November, 1893, *nunc pro tunc,* and that said entry be made in words, letters and figures as set forth in the draft of decree filed in said cause on the 13th day of December, 1894, to which W. Z. Taylor excepts."

There are two classes of cases in which it has been held proper to enter judgments and decrees *nunc pro tunc.* First, those cases in which the suitors have done all in their power to place the cause in a condition to be decided by the court, but in which, owing to the delay of the court, no final judgment has been entered. The second class embraces those cases in which judgment, though pronounced by the court, has from accident or mistake of the officers of the court never been entered on the court records. Where the case has been fully tried, and the court takes it under advisement, during which one of the parties dies, a judgment will be entered *nunc pro tunc* as of the date of the case being submitted to the court, in order that no prejudice shall result on account of the death of the party, and the same rule obtains where a party is prevented from entering up a judgment on a verdict in his favor on account of a motion for a new trial, during the pendency of which the party dies. 1 Freeman, Judgments (4th ed.), sec. 58. *Den v. Tomlin,* 3 Har. (N. J.) 14, 35 Am. Dec. 525. A court which has ordered a judgment, which the clerk has failed or neglected to enter in the record, has power after the term at which it was rendered has passed to order the judgment so rendered to be entered *nunc pro tunc,* provided there be satisfactory evidence that the judgment was rendered as alleged, and of the nature and extent of the relief granted by it. 1 Freeman, Judgments (4th ed.), sec. 61. It is the universal rule, so far as our examination extends, that the entry of a judgment *nunc pro tunc* will not be allowed to injuri-

ously affect the rights of innocent third parties. Such entry will be allowed to subserve the interest of the parties only so far as it will not conflict with the rights of others. 1 Freeman, Judgments (4th ed.), sec. 66; 1 Black, Judgments (2d ed.), sec. 137; *Ninde v. Clark*, 62 Mich. 124, 4 Am. St. Rep. 828, and notes. In *McClannahan v. Smith*, 76 Mo. 428, the following is held: "It is well settled that a judgment *nunc pro tunc* cannot be made to operate to the prejudice of the rights of third parties acquired in good faith between the time of the rendition of the original judgment and the entry of the judgment *nunc pro tunc*." In *Koch v. Atlantic & P. R. Co.*, 77 Mo. 354, the court said: "It is settled that such entries cannot be made to the prejudice of third parties."

In the case we are considering the plaintiff insists that Taylor, not being a party to the case originally, had no further interest in the proceeding than to see that the decree finally entered was in form and substance the decree pronounced by the court in November, 1893, and that the effect of the judgment when rendered is a matter for consideration hereafter. The court apparently proceeded upon that theory, the recital in the final order made being that he acted upon the papers before him, showing conclusively that no inquiry into the rights of Taylor as a purchaser of the property affected by the *nunc pro tunc* decree was made. In *Koch v. Atlantic & P. R. Co., supra*, it is said: "Where it appears, however, as in the present case, that a stranger to the original judgment is sought to be affected by the *nunc pro tunc* entry, in order to bind such party, it must also appear that he had notice of the judgment really rendered by the court at the time his rights were acquired or his liability was fixed thereunder, or that he had notice of the application to have such judgment entered, and an opportunity to appeal." This court held the same view, judging from the language used in *Hyde v. Michelson*, 52 Neb. 680. In the third subdivision of the opinion it is said: "It appears, from the evidence introduced on the hearing of the motion for the

*nunc pro tunc* entry of the judgment, that since the final
decree was rendered in the case the Lothrops have con-
veyed the real estate in controversy to a man named
Gustin; and the argument is here made that it was error
for the court to make the *nunc pro tunc* order, since it
affected the rights of third parties to the property affected
thereby. The answer to this contention is that Gustin is
not a party to this suit, nor a party to his application for
the *nunc pro tunc* order. He has not intervened either in
the action or in the proceeding and asked for the protection
of the court. The Lothrops cannot prevent the court from
having spread upon its records the judgment actually
rendered in the suit to which they were defendants by
insisting upon any rights which Gustin may have acquired
to the property. In other words, Gustin is not before the
court, and his rights, if he have any, are not adjudicated
in this proceeding." In the case at bar Taylor was before
the court. He was brought in by an order served on him,
the plaintiff says, for the purpose of allowing him to object
to the form and contents of the *nunc pro tunc* decree, but
not to set up any rights which he had acquired in ignor-
ance of the decree, and which would be prejudiced by its
entry. So far as the present record discloses, the court
took this view of the case, and refused to examine the
objections made by Taylor, or to consider his rights in the
land covered by the decree. In this we think the court
erred. If Taylor, in good faith, acquired rights in land
affected by the decree which the court entered, and if, as
stated in his objections and answer, he released and
satisfied judgments entered against the land which were
liens superior to the lien of the plaintiff, his interest should
be protected; and, while the plaintiff is probably entitled
to have its decree entered and enforced so far as it can be
against Rich, the mortgagor, such entry should be made
without prejudice to the rights of Taylor, provided he
establishes his good faith and want of knowledge of the
decree rendered by the district court in 1893, when he
made his purchase.

We recommend a reversal of the order of the district court, and remanding the cause for inquiry into the rights of the intervener Taylor.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED.