STRATTON et al. v. DEWEY et al.

(Circuit Court of Appeals, Fifth Circuit. February 2, 1897.)

No. 523.

1. EQUITY PRACTICE—HEARING EVIDENCE ON DEMURRER.

It is contrary to correct practice for the court, upon a demurrer to a bill, to consider evidence submitted by consent of the parties; and an order entered upon such a hearing, overruling the demurrer and granting relief, is altogether irregular.

2. APPEAL—FINAL DECREES.

An order which grants certain relief upon the party's complying with conditions specified in the order, and provides that, if the conditions are not complied with, the relief shall be denied, is not a final decree, and is not appealable.

Appeal from the Circuit Court of the United States for the Eastern District of Texas.

The appellees, Charles P. Dewey and Albert B. Dewey, on September 29, 1894, filed their bill, which they designate as a "bill in the nature of a bill of review," against Jesse D. T. Stratton, Minnie Stratton and her husband (J. Thomas Stratton), and Horace E. Kelley, to review and set aside a final decree pro confesso rendered by the circuit court November 18, 1893, in equity cause No. 235, in which all appellants here except Kelley were complainants and the appellees were defendants. The decree in suit No. 235 adjudged the real estate in controversy to the appellant Minnie Stratton. And, without a reference to a master to state the account between the parties, the sum of $4,000 was further decreed in her favor against the appellees, as the rental value of the land for the years 1890, 1891, 1892, and 1893. A more extended reference to the provisions of the decree is not considered necessary. Errors of law apparent upon the face of the decree in suit No. 235 are principally relied upon by appellees to reverse the decree and reopen the case. And, as an excuse for their failure to seasonably file a bill of review, the bill alleges ignorance on the part of appellees of the rendition of the decree in No. 235, which resulted from the serious and protracted illness of their counsel, who had exclusive charge and control of the litigation in their behalf. Appellants filed a demurrer to the bill December 31, 1894. It appears from the briefs on file that counsel for the respective parties agreed that at the hearing of the cause the court below should consider certain affidavits and other written evidence in connection with the bill and demurrer. The record discloses that the agreement of counsel was respected by the court, and the cause coming on to be heard March 19, 1896, in the manner suggested by the agreement, the following decree was rendered: "This cause came on to be heard at this term, and was argued by counsel; and thereupon, and upon consideration thereof, it was ordered, adjudged, and decreed as follows: That the demurrers of the defendants to complainants' bill are overruled, to which rulings defendants except; and the court having heard the bill and exhibits and affidavits in support thereof, and counter affidavits and exhibits submitted by defendants, it is thereupon ordered, adjudged, and decreed that complainants, Chas. P. Dewey and A. B. Dewey, shall within thirty days from this date pay all costs incurred in equity cause, in this court, No. 235, up to this date, and also all costs that have been incurred in this cause No. 294, and that they shall pay into the registry of this court the sum of four thousand dollars ($4,000), with interest thereon from the 18th day of November, 1893, to the date hereof, at the rate of six per cent. per annum, to be held until the final decree shall be rendered in cause No. 235, to abide such order as may be rendered in said decree; and, upon complainants paying said costs and making said deposit within the time specified, it is ordered, adjudged, and decreed that the pro confesso taken and entered upon the order book of this court on the ——— day of August, 1893 (the same being one of the rule days of this court), and also the final decree of this court pronounced, passed, and entered on the 18th day of November, 1893, in that certain cause then pending in this court upon the equity side of the docket, wherein the said Jesse D. T. Stratton, Minnie Stratton, and her husband, J. Thomas Stratton, defendants herein, were complainants, and said Charles P. Dewey and A. B. Dewey were defendants, and styled on the equity docket of this court as 'Jesse D. Stratton et al. vs. C. P. Dewey et al.,' and numbered 235 on said equity docket of this court, be and the same are set aside, and said cause reopened, and that said complainants herein, Charles P. Dewey and A. B. Dewey, be now permitted to answer said bill in said cause No. 235,—such answer to be a full answer to the allegations of the bill, and the interrogatories therein to them propounded, and to be filed on or before the first Monday in May, A. D. 1896,—and, upon said payments and deposit being so made within the time herein specified, said cause No. 235 will thereafter proceed according to the rules of practice in equity. It is further ordered, adjudged, and decreed that if said costs are not paid or said deposit not made within thirty days from the date hereof, or if said answers are not filed within the time herein specified, then said decree pro confesso and final decree in said cause No. 235 shall be and remain in full force, and not vacated by this decree, and complainants' bill in this cause will thereupon stand dismissed as on final hearing, and all costs in this cause incurred are in that event adjudged against them, for which execution may issue." From this decree the defendants in the court below appeal and assign error.

79 F.—3

Branch T. Masterson, for appellants.

S. W. Jones, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and MAXEY, District Judge.

MAXEY, District Judge, after stating the facts, delivered the opinion of the court.

The manner in which this cause was heard finds no warrant in the rules of correct chancery practice, and the order made upon the hearing of the demurrer is altogether irregular. This court, however, cannot enter upon a consideration of these questions, nor determine those raised by the assignment of errors, as we are satisfied the motion to dismiss the appeal must be sustained because the order made by the court is not a final decree. It is in the nature of a conditional order, its finality depending upon certain contingencies that might or might not occur. The decree passed in suit No. 235, November 18, 1893, was ordered to be vacated and the cause reopened, and leave granted appellees to file an answer therein, if they should within 30 days deposit $4,000 in the registry of the court, and pay all the costs of this suit and in suit No. 235. But if the costs should not be paid, nor the deposit of $4,000 made, within the 30 days, or if the answer should not be filed within the time allowed, the decree in cause No. 235 was to remain in full force; and (using the concluding language of the decree) "complainants' bill in this cause will thereupon stand dismissed as on final hearing, and all costs in this cause incurred in that event adjudged against them, for which execution may issue." Something more was required to make the decree final than was done in this case. If appellees failed to do what the order required to be done within the prescribed time, appellants should have applied to the court for a final decree dismissing the bill. If the order of court was fully complied with by appellees, a final decree should have been passed, upon their application, reversing the decree in suit No. 235, and reopening that cause for further proceedings. Speaking of an order similar in some of its aspects to the one now before the court, Mr. Justice Miller, as the organ of the court, in Jones' Adm'r v. Craig, 127 U. S. 215, 216, 8 Sup. Ct. 1175, says:

"This order, made upon the hearing of the demurrer to a bill in chancery, is wholly irregular. This court, however, has no jurisdiction of the case as it stands, because the order just cited is not a final decree. Something yet remains to be done in order to make it such, and that action depends upon whether or not the complainants will comply with the order to bring in the sum due on the mortgage. If that order is complied with, then a decree should be made, upon the hypothesis on which the order was made, in favor of the complainants in the bill, and quieting their title. If, however, the money is not brought into court, then, according to the theory of the order, the bill of complaint should be dismissed. But, even assuming the right of the court to make the order, as well as its validity, the circumstances under which the bill of complaint is to be dismissed or the relief granted to the complainants named therein, and the sum to be paid, are matters which are yet to be determined, which may turn out either one way or the other, and which, when ascertained, will be the foundation for a final decree. There is no final decree as the matter now stands."

The appeal is therefore dismissed, and the cause remanded for further proceedings.