## DEWEY et al. v. STRATTON et al.

(Circuit Court of Appeals, Fifth Circuit. February 18, 1902.)

### No. 1,064.

1. EQUITY—VACATION OF DECREE—ACCIDENT, MISTAKE, OR SURPRISE.

A circuit court has jurisdiction to entertain a bill to set aside a former decree on the ground of accident, mistake, or surprise, where the requisite facts to entitle complainant to such relief are alleged, although such bill is not presented until the time for an appeal or the filing of a bill of review has expired.

2. APPEAL—REVIEW—ESTOPPEL BY ACQUIESCENCE IN ERRONEOUS DECREE.

Although an interlocutory decree conditionally vacating and setting aside a former decree on the ground of accident, mistake, and surprise was irregularly entered, and therefore erroneous, where it has been acquiesced in by defendants, and the court had jurisdiction, it will be held binding on the parties on an appeal by complainants from a final decree dismissing the bill.

3. EQUITY—SUIT TO VACATE FORMER DECREE—CONDITIONAL ORDER.

Where, in a suit to vacate and set aside a decree in a former suit between the same parties on the ground of accident, mistake, and surprise, an interlocutory decree was entered vacating the former decree,

reopening the case, and permitting complainants, who were defendants in such suit, to answer therein, on condition that they pay the costs and make a deposit in court to abide the event, and further providing that upon their failure to make such payment and deposit or to file a full answer within the time limited the former decree should remain in full force, the only conditions precedent to the opening of the former suit are the making of the payment and deposit; the requirement with respect to the sufficiency of the answer to be filed therein being a condition subsequent, which can only be dealt with in the suit in which such answer is filed. · And where in such case the payment and deposit were made and an answer filed, all within the time limited, the cause stands reopened, and must be proceeded with in accordance with the rules of equity practice; and the court has no power to render a final decree in the second suit dismissing the bill, and reaffirming the original decree in the first suit, on the ground that the answer therein is insufficient, while the issues joined upon such answer are pending and. undetermined.

Appeal from the Circuit Court of the United States for the Eastern District of Texas.

This cause was before this court at a former term on an appeal from the following decree:

"This cause came on to be heard at this term, and was argued by counsel, and thereupon and upon consideration thereof it was ordered, adjudged, and decreed as follows: That the demurrers of the defendants to complainants' bill are overruled, to which rulings defendants excepted; and the court having heard the bill and exhibits, and affidavits in support thereof, and counter affidavits and exhibits submitted by defendant, it is thereupon ordered, adjudged, and decreed that complainants, Chas. P. Dewey and A. B. Dewey, shall, within thirty days from this date, pay all costs incurred in equity cause in this court No. 235 up to this date, and also all costs that have been incurred in this cause No. 294, and that they shall pay into the registry of this court the sum of four thousand dollars ($4,000.00), with interest thereon from the 18th day of November, 1893, to the date hereof, at the rate of six per cent. per annum, to be held until the final decree shall be rendered in cause No. 235, to abide such order as may be rendered in said decree; and, upon complainants paying said costs and making said deposit within the time specified, it is ordered, adjudged, and decreed that the pro confesso taken and entered upon the order book of this court on the * * * day of August, 1893, the same being one of the rule days of this court, and also the final decree of this court pronounced, passed, and entered on the 18th day of November, 1893, in that certain cause, then pending in this court upon the equity side of the docket, wherein the said Jesse D. T. Stratton, Minnie Stratton, and her husband, J. Thomas Stratton, defendants herein, were complainants, and said Chas. P. Dewey and A. B. Dewey were defendants, and styled upon the equity docket of this court as Jesse D. Stratton et al. vs. C. P. Dewey et al., and numbered 235 on said equity docket of this court, be, and the same are, set aside, and said cause reopened, and that said complainants herein, Chas. P. Dewey and A. B. Dewey, be now permitted to answer said bill in said cause No. 235, such answer to be a full answer to the allegations of the bill, and the interrogatories therein to them propounded, and to be filed on or before the first Monday in May, A. D. 1896, and, upon said payments and deposit being so made within the time herein specified, said cause No. 235 will thereafter proceed according to rules of practice in equity. It is further ordered, adjudged, and decreed that if said costs are not paid, or said deposit not made, within thirty days from the date hereof, or if said answers are not filed within the time herein specified, then said decree pro confesso and final decree in said cause No. 235 shall be and remain in full force and not vacated by this decree, and complainants' bill in this cause will thereupon stand dismissed as on final hearing, and all costs in this cause incurred are in that event adjudged against them, for which execution may issue.

"D. E. Bryant, Judge."

The facts of the case up to the rendition of the above decree are sufficiently stated in the report of the case. Stratton v. Dewey, 24 C. C. A. 435, 79 Fed. 32, et seq.

The record shows that on May 2, 1896, the Deweys, defendants in equity suit No. 235, filed a lengthy answer, including answers to interrogatories; that on May 25, 1896, the complainants in No. 235 filed exceptions to said answer, and thereafter on November 13, 1897, filed further exceptions, accompanied with a motion to strike out; that matters remained in this condition until June 16, 1900, when the following order was entered in No. 235:

"Now, on this day came on to be heard the complainants' exceptions to and motion to strike out the answer of defendants, filed May 2, 1896, and the same having been argued by counsel for complainants and defendants, and duly considered by the court, and it appearing to the court that said answer is not a sufficient answer to the bill in this cause, complainants' general exception thereto, filed May 26, 1896, is sustained; to which ruling defendants except.                                    D. E. Bryant, Judge."

That upon the same day, upon application of the defendants in No. 235, leave was granted to file an amended answer, the same to be filed within 10 days from that date; that on June 25, 1900, the Deweys, defendants, filed in their individual capacities, and as executors of the last will of Chauncey Dewey, deceased, an amended answer to the original bill in equity suit 235; and that following this amended answer the plaintiffs submitted the following pleading:

"These complainants, Jesse D. T. Stratton, Minnie Stratton and her husband, J. Thomas Stratton, come and except to the pretended answer filed herein June 25, 1900, purporting to be an amended answer in this cause, and moves the court to strike said pretended answer from the files on the following grounds, to wit:

"First. That a final decree was rendered in this cause on the 18th day of November, 1893, and process for the enforcement of said decree by a writ of possession was issued and duly executed in 1894, and possession of the land described in said decree was delivered under said writ in 1894. That no petition for rehearing, nor to vacate nor to set aside said decree, was ever filed in this cause, nor was said decree appealed from, and said pretended amended answer was filed in this cause on the 25th day of June, 1900, and purports to be in lieu of their orginal answer filed in this cause on the 2d day of May, 1896. That said original answer was not filed until more than two years and five months after the rendition of said final decree, and more than two years and five months after the adjournment of the term of the court during which said final decree was rendered, and long after the time had elapsed within which an appeal from said decree could have been prosecuted. That said amended answer was filed in this cause on the 25th day of June, 1900, more than six years after the final decree was rendered in this cause as aforesaid,—all of which facts appear in the records of this cause. That no written petition or application for leave of court to file said amended answer was made, and no notice was served on or given to complainants of any application for leave to file said amended answer, and no facts set up or shown that would entitle defendants to file said amended answer. That said pretended amended answer is not sworn to by any person, and it is not competent to set aside a decree to allow an answer to the bill where the facts stated in the answer are not verified by the oath of any person. Wherefore the complainants say that there was not at the time when said original answer was filed nor when said amended answer was filed any suit pending in this cause to be answered unto. Second. That there was not when said original answer was filed, nor when said amended answer was filed, any jurisdiction, power, or authority in this court to grant leave to file an answer in this cause, because the final decree rendered therein as aforesaid was a final adjudication by this court of all matters determined in said decree, and no answer could be filed herein while said final decree remained in full force, and not reversed, set aside, or vacated. Wherefore these complainants move the court to strike said original answer and said amended answer from the files of this court and this cause.

"Masterson & Masterson, Solicitors for Complainants."

"If the foregoing motion to strike from the files defendants' amended answer is not overruled, complainants except and demur to said answer, and for cause of exceptions and demurrer set up the same causes assigned in support of the said motion to strike out, and the following additional grounds, viz.: (1) Complainants say that if said amended answer had been filed in the time and manner and form authorized and required by the practice and proceedings in causes in equity in this honorable court, that the matters set up in said answer, in the manner and form as therein set out, do not show any defense to complainants' bill, and the said answer is not such an answer as would entitle the defendants at any time to reopen the decree already rendered in this cause. (2) That said amended answer is not sworn to by any person, and for that reason is insufficient. (3) That said amended answer refers to various exhibits stated therein to be attached, when in fact no exhibits are attached or filed with said answer. (4) That the part of said amended answer beginning on the fifth line with the words 'That they are advised,' and ending on the sixteenth line with the word 'tenable,' is excepted to because the same is not properly a part of an answer to the original bill, but could only be interposed by demurrer filed in proper time and in proper form. (5) That all of the parts of said amended answer purporting to be answers to interrogatories propounded in the original bill hereafter specified are excepted to as insufficient, vague, and not responsive to the interrogatories, in this: That in the answer to the 1st interrogatory C. P. Dewey states as follows: 'The first money was paid by E. C. Dewey with money furnished to him for that purpose by Chauncey Dewey.' Said interrogatory did not ask where E. C. Dewey obtained the money to make his cash payment, and that part of the answer should be stricken out, as not responsive to the interrogatory. The answer to the fifth interrogatory is not responsive, and is evasive, and while it states that copies of certain instruments are attached, and originals are subject to inspection, no copies are attached; thus leaving it in the power of the defendant to furnish any instrument he may desire or not to furnish any, and leaves the court without possession of such instruments, so as to determine their effect, in order to determine the sufficiency of the answer to the bill. The answer to the sixth interrogatory is plainly evasive in refusing to give even an approximate of the value of the estate of Chauncey Dewey, which was in his hands as executor. The answer to the seventh interrogatory is evasive. The defendant, being executor and custodian of the books of Chauncey Dewey, could, unless he desired to withhold the information from the court, have given copies of the entries called for. The answer to the ninth interrogatory is not responsive, and is evasive, in this: The interrogatory did not relate to the land covered by the conveyance in trust to C. P. Dewey, but to instructions given by Chauncey Dewey, the father, to his sons, whom he made executors and residuary devisees to provide for E. C. Dewey, the son, who was not included as a residuary devisee, and, instead of answering the question asked, undertakes to give the legal effect of a written instrument not submitted to the court. Wherefore, for all of the causes hereinbefore set forth, complainants except and demur to said answer, and pray that each of said exceptions and demurrers be sustained, and that said amended answer be held insufficient, and be struck from the files of this court and of this cause.

"Masterson & Masterson, Solicitors for Complainants."

At this stage of the litigation in equity suit No. 235 the complainants, on leave of the court in suit No. 294, on March 1, 1901, submitted a motion for final decree, as follows: "Now come the complainants in the above entitled and numbered cause, and show this honorable court that the above cause was commenced in this court, tried, and judgment entered in favor of complainants. That the defendants appealed this cause to the circuit court of appeals of the Fifth circuit, where said appeal was dismissed, and this cause remanded for further proceedings. That the mandate of said circuit court of appeals in this cause was heretofore filed in this court on the 17th day of July, A. D. 1897. That the said circuit court of appeals in their opinion on the trial of this cause said that if the order of this court heretofore entered in this cause on the 19th day of March, A. D. 1896, was fully complied with by complainants herein, a final decree should be passed upon the ap-

plication of complainants reversing the decree in suit No. 235 on the equity docket of this court, entitled Jesse D. T. Stratton et al. v. Charles P. Dewey et al., and reopening that cause for further proceedings. And complainants say that they have fully complied with all the conditions of said decree of March 19, 1896, and this they are ready to verify by proofs. Wherefore complainants now move this court for a final decree in this cause, in conformity to the said opinion of the honorable circuit court of appeals in this cause, and for such other and further proceedings as may be necessary, that justice may be done complainants herein."

On March 11, 1901, the defendants filed the following: "Now come defendants in the above-entitled cause, and show to the court that complainants on the 1st day of March, 1901, filed in this cause a motion for final decree herein, setting aside the final decree entered into cause No. 235 on chancery docket of this court, styled Jesse D. T. Stratton et al. v. Charles P. Dewey and A. B. Dewey, which motion and the answer of defendants were duly heard and considered, and the exceptions to said motion were sustained, and the motion overruled. Complainants have not complied with the terms and conditions upon which, under the said interlocutory decree, said final decree in which cause No. 235 could be vacated, and the time limit in said interlocutory decree for compliance has expired. Wherefore these defendants move the court to enter a final decree dismissing complainants' bill, and to make such order therein as may to your honor seem meet."

The defendants also filed the following answer: "Now come defendants in the above-entitled cause, and in answer to the motion filed herein, March 1, 1901, say that complainants' said motion does not show such a state of facts as entitle them to the order prayed for, even if said motion had been promptly and in due time filed. (2) That the interlocutory order entered in this cause from which said appeal mentioned in said motion was taken was so entered on the 19th day of March, 1896. That said opinion of the court of appeals was rendered at November term, 1896. That this motion of complainants was not filed until the 1st day of March, 1901, and said complainants have been guilty of laches and have shown such want of due diligence in said cause as not to entitle them to evoke the equitable powers of this court to set aside a final decree rendered in cause No. 235 more than seven years before the filing of said motion. Wherefore defendants pray the court to refuse to grant said motion, and to make such further orders as to your honor may seem meet."

Upon this last-mentioned motion, and the responses thereto, on March 15, 1901, the circuit court rendered the following decree: "This cause came on to be heard at this term, and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged, and decreed as follows: That complainants' motion filed in this cause on the 1st day of March, 1901, praying the court to enter a final decree in this cause setting aside and vacating the final decree rendered in cause No. 235, in equity, in this cause, styled J. D. T. Stratton et al. v. Charles P. Dewey and Albert B. Dewey, be, and the same is, overruled. It is further ordered, adjudged, and decreed that said Charles P. Dewey and Albert B. Dewey did pay the costs in suits Nos. 294 and 235 within the time required by said interlocutory decree entered in this cause on the 19th day of March, 1896, and did deposit in this court the four thousand dollars and interest within the time provided in said interlocutory decree, and they did file in said suit No. 235 an answer within the time required by said interlocutory decree, but said answer was by this court in said cause No. 235 held not to be a full answer to said bill and interrogatories to them therein propounded, as required by said interlocutory decree, and said answer did not present a good and sufficient defense to said bill, and did not comply with the terms and conditions stated in the interlocutory decree entered in this cause on the 19th day of March, 1896, in this: that they did not within the time required by said decree file a full answer to the allegations of the bill in said suit No. 235 and the interrogatories therein to them propounded, and have not shown to the court that they have a good and sufficient defense to said suit No. 235. It is further ordered, adjudged, and decreed that said complainants have not by the matters presented to the court in this cause shown themselves entitled to have a final

decree vacating and setting aside the final decree rendered in said cause No. 235 on the equity docket of this court, and entered on pages 48 and 49, book Vol. 9, of the minutes of this court; and thereupon came on to be heard the application of defendants praying the court to enter a final decree in this cause No. 235, dismissing complainants' suit; and, the same having been argued by counsel, thereupon, upon consideration thereof it is ordered, adjudged, and decreed that complainants' suit be, and the same is, dismissed, and that defendants Jesse D. T. Stratton, Minnie Stratton, and Thomas Stratton do have and recover of and from said Charles P. Dewey and Albert B. Dewey all costs in this cause incurred for which execution may issue. It is further ordered, adjudged, and decreed that said final decree rendered in said suit No. 235 is in full force. And upon motion of defendant in this suit it is further ordered, adjudged, and decreed that C. Dart, clerk of this court, shall pay to said Minnie Stratton, or to her solicitor, Branch T. Masterson, in this cause, the sum of forty-five hundred and sixty dollars and sixty-six cents ($4,560.66), deposited in the registry of this court by complainants under the interlocutory decree rendered herein on the 19th day of March, 1896, upon the receipt of said Minnie Stratton or her solicitor, Branch T. Masterson, of said sum, in satisfaction of the four thousand dollars decreed to said Minnie Stratton in the decree rendered in said suit No. 235, on the 18th day of November, 1893." From this last-mentioned decree Charles P. Dewey and Albert B. Dewey, in their own right and as executors, sued out this appeal.

John Charles Harris, A. E. Harvey, and Edw. F. Harvey, for appellants.

B. T. Masterson, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge (after stating the facts). This case turns on the questions whether the interlocutory decree of March 19, 1896, was within the jurisdiction of the court, and, if so, whether it has been so far complied with as to justify and require the reopening and rehearing of matters adjudicated in 235.

When this cause was formerly before this court we dismissed the appeal, because the decree appealed from was not a final decree, and to show its character we necessarily construed it, and determined its scope and effect, and we held:

"The manner in which this cause was heard finds no warrant in the rules of correct chancery practice, and the order made upon the hearing of the demurrer is altogether irregular. This court, however, cannot enter upon a consideration of these questions, nor determine those raised by the assignment of errors, as we are satisfied the motion to dismiss the appeal must be sustained because the order made by the court is not a final decree. It is in the nature of a conditional order, its finality depending upon certain contingencies that might or might not occur. The decree passed in suit No. 235, November 18, 1893, was ordered to be vacated, and the cause reopened, and leave granted appellees to file an answer therein, if they should within 30 days deposit $4,000 in the registry of the court, and pay all the costs of this suit and in suit No. 235. But if the costs should not be paid, nor the deposit of $4,000 made, within the 30 days, or if the answer should not be filed within the time allowed, the decree in cause No. 235 was to remain in full force; and (using the concluding language of the decree) 'complainants' bill in this cause will thereupon stand dismissed as on final hearing, and all costs in this cause incurred in that event adjudged against them, for which execution may issue.' Something more was required to make the decree final than was done in this case. If appellees failed to do what the order required to be done within the prescribed time, appellants should have applied to the court for a final decree dismissing the bill. If the order of court was fully

complied with by appellees, a final decree should have been passed, upon their application, reversing the decree in suit No. 235, and reopening that cause for further proceedings." Stratton v. Dewey, 24 C. C. A. 435, 79 Fed. 32, 34.

In so holding we neither decided, nor expressed an opinion to the effect, that the decree was justified by the bill and exhibits, nor even that the bill made a case under which the court could grant relief, and now these matters must be determined. The jurisdiction of courts of equity to reopen and set aside former decrees on the ground of accident, mistake, and surprise is well recognized and is frequently invoked, and herein we now find and hold that under the facts and circumstances shown in the bill (suit No. 294) it was within the discretion of the circuit court to take jurisdiction and permit the same to be filed, and that, having permitted the bill to be filed and the defendants having appeared to answer and contest the same, the court had jurisdiction to render the interlocutory decree of March 19, 1896. That decree seems to have been granted before the bill was fully put at issue by an answer, and on a hearing on demurrer, and a rule to show cause why an injunction should not issue, and on affidavits, counter affidavits, and exhibits. That it was irregularly granted, and was probably erroneous, may be conceded; and if the appellees were now before this court, as heretofore, complaining of that action, instead of seeking to benefit by the final decree in the case awarding them the large sum paid in by the Deweys to secure a hearing in No. 235, we could see our way clear to reopen the whole litigation to that point, and correct the interlocutory decree. As the case stands, however, the appellees seem to have acquiesced in the interlocutory decree, and, instead of complaining thereof, now seek to avail themselves of all its provisions. Under this state of the case, we feel constrained to hold that the interlocutory decree is binding on the parties, and thus is presented the question whether the said decree was complied with so as to entitle the appellants to a hearing on the merits in suit No. 235.

The final decree now under review adjudges "that said Charles P. Dewey and Albert B. Dewey did pay the costs in suits Nos. 294 and 235 within the time required by said interlocutory decree entered in this cause on the 19th day of March, 1896, and did deposit in this court the four thousand dollars and interest within the time provided in said interlocutory decree," and to this extent it is sustained by the record. These conditions admitted to be performed were all and the only conditions precedent to the reopening of suit No. 235, and the setting aside of the decree pro confesso, and the final decree entered therein, and when within the time specified the Dewey complainants paid all the costs, and deposited the sum of $4,000 and interest, they were entitled to file an answer in suit No. 235, and thereupon to have the real merits of that suit adjudged and decreed. The condition in the interlocutory decree that the Deweys were to file a full answer to the allegations of the bill and interrogatories therein propounded was a condition subsequent, default in which could only be determined and decreed in suit No. 235, which suit it was declared should proceed after answer filed according to the rules of practice in equity. The Dewey complainants did file an apparently full answer to the allega-

tions of the bill and answers to the interrogatories therein propounded, and the complainants so far followed the rules of practice in equity as to move to strike the answer out for various reasons assigned, and in the same paper to except to the sufficiency of the answer. The record further shows that on the exceptions so filed in No. 235 the court held the answer as filed not to be a sufficient answer to the bill, but thereupon on the same day granted leave to file an amended answer within 10 days. Within 10 days an amended answer was filed. To this amended answer the complainants in No. 235 filed a compound pleading made up of a motion to strike out, exceptions, and a demurrer. This pleading does not appear to have been passed upon by the court, and, so far as this record shows, said amended answer is now on file, pending and undisposed of.

In this state of the record it appears that the complainants in No. 294 have fully complied with the conditions precedent and subsequent contained in the decree of March 19, 1896; and as that decree has been acquiesced in by the parties, complainants and defendants, the scope and purpose of the bill in suit 294 has been accomplished, and the court erred in proceeding to dismiss said bill prior to the determination of the litigation in suit No. 235. It also appears that, so far as the decree appealed from reaffirms the former decrees in suit No. 235, while an answer is therein pending and undisposed of, it is erroneous, and should be reversed. So far as we can ascertain the merits of the pending litigation from the record, we are of opinion that the decrees in suit No. 235 were so far irregularly obtained through inadvertence, mistake, and surprise that equity requires that the defendants in that suit should have an opportunity to be heard on the merits, and to present their defenses, if any they have; and to that end the decree appealed from is reversed, and the cause is remanded to the circuit court, with instructions to stay further proceedings in suit No. 294 until the issues in suit No. 235 are disposed of according to the rules of practice in equity, and otherwise to proceed in suit No. 235 in accordance with the views herein set forth, and as equity and good conscience may require. The costs of this appeal to be divided equally between the appellants and appellees.