### WALTER WALKER ET AL. v. G. W. MEARS.

Decided February 8, 1902.

1.—Appeal to County Court—Bond.

In a case appealed to the county court it has no power, after the expiration of ten days from the date of the judgment in the justice court, to permit a good appeal bond to be filed in lieu of one that is defective in substance.

2.—Same—Final Judgment—Jurisdiction.

Where, in an action in the justice court by attachment, there was a verdict and judgment for plaintiff for his debt, and for the defendant for certain damages he had pleaded in reconvention, and the justice set aside the judgment for damages, but did not dismiss the claim therefor, there was no final judgment, and the county court acquired no jurisdiction on appeal.

Appeal from the County Court of Scurry. Tried below before Hon. W. H. Harvey.

*A. M. Craig, C. C. Higgins,* and *Theodore Mack,* for appellants.

*Edgar W. Bounds,* and *Homan & Homan,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit was commenced in the Justice Court. The plaintiff, Walter Walker, sued defendant G. W. Mears on a note for $92.80, and 10 per cent thereon for attorneys fees as stipulated in the note if sued on. He also sued out an attachment and caused it to be levied on twelve head of horses belonging to defendant. The attachment was quashed, and the defendant reconvened, claiming damages against the plaintiff and his two sureties on attachment bond in the sum of $197 for wrongfully suing out the writ. On the trial in the Justice Court the jury found a verdict for plaintiff for the amount of his debt as claimed, and in favor of defendant against plaintiff and his said sureties for $100 damages for wrongfully suing out the attachment, and the justice entered judgment accordingly. Upon motion for new trial made by Walker the justice set aside the judgment for damages against him and the sureties on his attachment bond, but did not dismiss the defendant's counterclaim for damages. Thereupon the defendant moved to set aside the judgment rendered in favor of the plaintiff on the note, which his honor refused to do, and defendant Mears gave notice of appeal to the County Court, and filed his appeal bond, making it payable to Walter Walker, but not to the sureties on his attachment bond. The appeal bond and original papers were sent up and filed in the County Court, and upon motion of appellee Walker the appeal bond was quashed and the appeal dismissed upon the ground that the bond was not payable to the sureties, but only to Walker. This occurred more than ten days after judgment was rendered in the Justice Court. Thereupon appellant Mears moved to reinstate his case on the County Court docket, tendering a bond curing the defect complained of, which motion the County Court allowed, and the

cause was reinstated and tried by a jury, who found a verdict for Walker for the principal of his note, and for Mears in the sum of $113 actual damages and $84 as exemplary damages, upon which · judgment was duly entered by the court, and from which judgment this appeal is taken by Walker.

It is complained that the County Court erred in reinstating the case and allowing the substituted appeal bond to be filed, which would seem to be correct if the County Court had ·acquired jurisdiction. ·After the expiration of ten days from the date of the judgment in the Justice Court the County Court has no power to permit a good bond to be filed in lieu of a defective one where the old bond is defective in substance. Snow v. Eastman, 46 S. W. Rep., 866; Lander v. Herrman, 85 Texas, 3; Railway v. Red Cross, 43 S. W. Rep., 795.

But the fatal objection to the judgment of the County Court is fundamental, affecting the jurisdiction of that court, and that is that no final judgment had been rendered in the Justice Court. When the justice set aside the judgment rendered on the counterclaim for damages against the plaintiff, he should have set aside the entire judgment in the case, but whether he did or not, that was the legal effect of his order, and the parties should have gone to trial the second time as if no judgment had been rendered in the case for either party. Parker v. Stephens, 48 S. W. Rep., 878, and authorities there cited. There can be but one final judgment in this case, and that must settle all the issues between the parties raised by the pleadings. What is found by the verdict for one party should be set off against the amount found for the other and judgment rendered for the balance in favor of the party entitled thereto.

Because the appeal was taken before final judgment was rendered therein, the judgment of the County Court is reversed and here rendered dismissing the appeal from the Justice Court to the County Court.

*Reversed and rendered.*