### HARRIS v. O'BRIEN, Judge, et al.

#### No. 2391.

Court of Civil Appeals of Texas. Beaumont.

Nov. 3, 1932.

278

E. L. Nall, of Beaumont, for relator.

J. A. Harrison and Frank Vaughn, both of Beaumont, for respondents.

WALKER, C. J.

This is an original proceeding filed in this court by N. M. Harris, as relator, complaining of the Hon. George C. O'Brien, judge of the Fifty-Eighth judicial district court in and for Jefferson county, Tex., and W. W. Harder, as respondents, praying that a writ of mandamus be issued against Judge O'Brien directing him to enter a final judgment in cause No. 36620, N. M. Harris v. W. W. Harder, on the docket of the Sixtieth district court in and for Jefferson county, Tex. For grounds of relief, relator alleged the following facts: On the 18th of May, 1925, relator purchased from J. W. Priest and wife lots 1, 2, 3, and 4 of the Fletcher subdivision of the Oakwood addition to the city of Beaumont, Jefferson county, Tex., for $3,250, of which $1,200 was paid in cash and the balance in monthly payments of $25 each, with 8 per cent. interest beginning on June 20, 1925, with vendor's lien reserved to secure the payment of the unpaid purchase price. On January 8, 1927, relator sold and conveyed to respondent W. W. Harder 40 feet out of the center of lots 1 and 2 for $975, of which $25 was paid in cash and the balance as follows: Three monthly payments of $25 each for the months of February, March, and

April, with interest at 8 per cent., and the balance in monthly payments of $15 each, with 8 per .cent. per annum interest, beginning with the May, 1927, payment. On September 8, 1927, relator sold to respondent W. W. Harder 45 feet off the front end of lots 1 and 2 for $1,275, of which $16 was paid in cash and the balance in monthly payments of $15 each, with interest at 8 per cent. per annum. Relator's deeds to respondent contained the usual warranties of title and reserved the vendor's lien to secure the unpaid purchase money. Relator failed to pay off all the J. W. Priest vendor's lien notes when due and Priest instituted suit thereon and secured judgment for the unpaid balance on the 28th of September, 1931, with foreclosure of vendor's lien, with stay of order of sale to December 15, 1931. Respondent Harder failed and refused to pay the vendor's lien notes given by him to relator, whereupon relator filed suit against respondent Harder for the unpaid purchase price on the property sold by relator to respondent and to foreclose the reserved vendor's lien, to which action respondent replied by general and special demurrers, general denial, and by specially pleading relator's warranty, and also by specially pleading certain improvements made upon the property in good faith and for damages. That case, upon the issues made by the pleadings, came on for trial on the 11th day of December, 1931, before Judge O'Brien, without a jury, and on that date Judge O'Brien entered the following judgment in that cause:

"N. M. Harris v. W. W. Harder. No. 36620
"Decree Recorded Vol. 18, p. 201 60th
Dist. Court

"December 11, 1931: This day came on to be heard the above entitled and numbered cause, a jury being waived, and all the parties with their attorneys being present in Court; and the evidence and argument of counsel having been heard, it is ordered, adjudged, and decreed by the Court that defendant have judgment as against plaintiff on plaintiff's warranty for improvements and damages sued for, but it is further ordered, adjudged and decreed that, after the plaintiff will have complied with his warranty, conveying said property to defendant, and having first paid off the liens and encumbrances against said tract of land, and delivered to defendant his warranted title as aforesaid, and not until then, shall the following judgment against the defendant be enforced and complied with, in the manner following:

"It is ordered and decreed by the court that the lien as it existed on December 11, 1931 on 85 feet off the front end of Lots One (1), Two (2) and Three (3) of the Fletcher Subdivision of the Oakwood Addition to

the City of Beaumont, in Jefferson County, Texas, be, and the same is hereby foreclosed and the Clerk of this court, after said warranty on the part of the plaintiff, will have been complied with as aforesaid, shall issue an order of sale, directed to the sheriff or any constable of Jefferson County, Texas, commanding him to seize and sell the above described land and premises as under execution and that he apply the proceeds thereof to the payment of said debt, to wit: $1438.56, together with interest from December 23, 1931; and if the said land and premises shall sell for more than sufficient to pay off and satisfy said sum of money together with all court costs incurred, then the said officer is hereby directed to pay over the excess to the defendant; but if the said land and premises shall not sell for enough to pay off said judgment, then the said officer shall make the balance as under execution. And it is further ordered that the said officer place the purchaser of said property in possession thereof within thirty days after the date of sale; and said order of sale when issued shall have all the force and effect of a writ of possession. But it is ordered and decreed as aforesaid that said foreclosure and sale proceedings will not be enforced as aforesaid until the plaintiff will have complied with his warranty contained in the deed conveying the defendant said property."

Relator has not paid the judgment recovered against him by Priest on the 28th of September, 1931, but on the 16th of December, 1931, respondent Harder purchased the Priest judgment and on the 8th day of July, 1932, took from Priest a written assignment of that judgment. After respondent Harder became the owner of the Priest judgment, relator (quoting from his petition) "in due time filed his motion in Cause No. 36620, and being the cause in which said interlocutory decree was entered, setting forth that his warranty was now protected by the said W. W. Harder having acquired the J. W. Priest judgment and that the Court could determine the issues between the parties and enter final judgment in said cause; that said motion to enter final judgment came on to be heard before the Court and the Court, after hearing said cause and the evidence adduced thereunder, by decree entered on September 1, 1932, held that the judgment of December 11, 1931, was a final judgment and was in no wise an interlocutory judgment and refused to disturb the same or enter any other decree in said cause," whereupon this proceeding was filed in this court.

#### Opinion.

We agree with relator that the decree in cause No. 36620, N. M. Harris v. W. W. Harder, as copied above, was interlocutory and not final. The issues made by the pleadings in that suit were (a) the amount of the unpaid balance due by Harder on the vendor's lien notes executed by him to relator; (b) the unpaid balance due by relator on the vendor's lien notes executed by him to Priest; and (c) the value of the improvements placed by respondent Harder upon the property, and the amount of the damages suffered by him by reason of the alleged breach by relator of his warranty. The decree did not determine the value of Harder's improvements and the amount of damages suffered by him. Even if the decree was sufficient to award Harder the amount sued for in his cross-action, the issue was not finally determined because no provision was made for its collection. While the decree, in effect, awarded respondent Harder judgment against relator for the amount due by relator under the Priest judgment, and awarded relator judgment against respondent Harder for the amount due by him to relator, no attempt was made to set one recovery off against the other and to strike a balance between the two recoveries, to be collected under process of court. But, instead of striking such a balance, the decree merely postponed relator's right of process until he paid the Priest judgment, and required such payment before process could issue. These omissions in the decree, we think, made it merely interlocutory. The issues of improvements in good faith and of damages should have been finally adjudicated. Having determined that relator was liable to Harder for the amount of the Priest judgment, and also having determined that respondent Harder was liable to relator for the unpaid balance on his vendor's lien notes, the decree should have struck a balance between these two amounts, with a definite statement of affirmative relief in favor of relator for the balance, and should not have denied relator relief except upon condition that he comply with his warranty. Under the recitations of the decree, the clerk was without affirmative direction for issuing an order of sale. Under the decree itself, he was required to hear proof as to whether or not relator had paid the Priest judgment. This required a judicial discretion on the part of the clerk which he was without power to exercise. In Kuehn v. Kuehn, 242 S. W. 719, 720, Judge Spencer, speaking for the Commission of Appeals, announced the following proposition: "It is the unquestioned rule in this state that, in order to constitute a final judgment, there must be an express adjudication to that effect. It is not sufficient that the court make a ruling which should logically lead to a final disposition of it, but the consequences of the ruling to the parties must also be declared."

In Walker v. Mears, 28 Tex. Civ. App. 210, 67 S. W. 167, 168, it was said: "There can be but one final judgment * * * and that must settle all the issues between the parties

raised by the pleadings. What is found by the verdict for one party should be set off against the amount found for the other, and judgment rendered for the balance in favor of the party entitled thereto."

In Spiva v. Williams, 20 Tex. 442, the judgment was as follows: "It is therefore considered by the Court, that the said plaintiff have and recover of and from the said defendant, the sum of nine hundred seventy-eight $^{36}/_{100}$ dollars, principal and interest, and ten per cent. interest on the same from the date of this judgment until paid, subject to an offset agreed upon by said parties aforesaid, and all costs in this behalf expended, for which execution may issue."

That judgment was held to be interlocutory by the following conclusion: "The very object of a suit is to adjudicate and declare the respective rights of the parties, in a shape so that the ministerial officers can with certainty carry into execution the judgment of the Court, without the ascertainment * * * of additional facts. It is obvious that such is not the case here."

General Motors Acceptance Corp. v. Bodenheim, 37 S.W.(2d) 312, seems to be directly in point in support of relator's proposition that the failure to strike a balance between the amount due by relator to respondent Harder and the amount due by respondent Harder to relator rendered the decree interlocutory. The following statement from the opinion reflects the holding in the Bodenheim Case: "May 22, 1926, appellee, G. A. Bodenheim, purchased property (described as a 'compressor' and 'coil') of the appellant, General Motors Acceptance Corporation, paying a part of the purchase price in cash and agreeing to pay the remainder thereof, to wit, $336, in monthly payments of $14 each. This suit by appellant to recover $252 of the $336 alleged to be due and unpaid, with interest and attorney's fees, was commenced July 6, 1928. Appellee claimed the compressor and coil were not as warranted by the seller, and that, because they were not, he had been damaged in the sum of $350. The trial to the court without a jury resulted in a judgment in appellant's favor against appellee for $364.66 and foreclosing a lien on the compressor and coil created to secure same, and in appellee's favor against appellant for $350, the amount of damages claimed by the former. For some reason not stated on the record, whereas it should have been (article 2066, R. S. 1925), the court, in violation of the general rule entitling the successful party to recover the costs of the suit (article 2056, R. S. 1925) in

his judgment ordered the costs to be 'taxed equally against both plaintiff and defendant.' The appeal was prosecuted by the acceptance corporation."

After stating the case as above, Judge Willson of the Texarkana Court of Civil Appeals, rendered the following decision: "Having determined appellee was entitled to recover of appellant a specified sum and that appellant was entitled to recover of appellee a different specified sum, the court should have set off the one sum against the other, and, having done so, should have rendered judgment for the balance in favor of the party entitled thereto. As the court did not do that, the judgment is not a final one from which an appeal could be prosecuted," citing article 2211, R. S. 1925; Walker v. Mears, 28 Tex. Civ. App. 210, 67 S. W. 167; Eastham v. Sallis, 60 Tex. 576; Kinney v. Tel. Co. (Tex. Com. App.) 222 S. W. 227. "This court, therefore, cannot do otherwise than dismiss the appeal."

Stratton v. Dewey (C. C. A.) 79 F. 32, sustains relator's proposition that the decree was rendered interlocutory by the condition that relator could have his order of sale only by paying the amount of his warranty and affirmatively denying him the order of sale unless and until that condition was complied with. In that case the court held that a judgment granting relief upon the party complying with specified conditions and providing that if they are not complied with the relief shall be denied, is not a final decree.

But the fact that the decree in issue was interlocutory does not entitle relator to a mandamus against Judge O'Brien. This conclusion merely leaves the case upon the docket of the trial court subject to such further orders as may be made therein when the case is called for further disposition. There is no complaint by relator that Judge O'Brien refused to give him a setting of his case for final disposition, nor is there any suggestion that he has ever asked for a further hearing in his cause. The prayer is that we direct Judge O'Brien to enter an order crediting relator's judgment against Harder with the amount of the Priest judgment, and that order of sale issue in his favor for the balance. This relief would result in a trial of the case by us, with a decree as to the character of the judgment to be entered by the trial judge. Such relief is beyond our jurisdiction to grant.

For the reasons stated, all relief prayed for is refused.