## HERRIN TRANSP. CO. v. MARMION.

### No. 3237.

Court of Civil Appeals of Texas. Beaumont.

Jan. 27, 1938.

292

Jack M. Moore and John H. Benckenstein, both of Beaumont, for appellant.

G. C. Bradfield, of Beaumont, for appellee.

WALKER, Chief Justice.

This was a suit by appellee, W. H. Marmion, Sr., against appellant, Herrin Transportation Company, for breach of contract, and the loss of profit suffered by reason of the breach; the contract pleaded was an obligation by appellant to transport from Houston to Beaumont certain freight, and to deliver it to appellee in Beaumont on the agreed cost of $30. Appellant answered by demurrers, general denial, and by way of cross-action, to the effect that it was a common carrier, that the contract, if made as pleaded by appellee, was void for the reason that the freight rate fixed by the Railroad Commission greatly exceeded the contract price pleaded by appellee. On trial to the court without a jury, the following judgment was rendered and entered: "The court is of the opinion that plaintiff should recover of defendant the sum of Three Hundred ($300.00) Dollars; that defendant should recover of plaintiff on its cross-action the sum of Thirty ($30.00) Dollars, and that all costs of suit should be taxed against the defendant; it is therefore accordingly ordered, adjudged and decreed by the court that plaintiff, W. H. Marmion, Sr., doing business under the trade name Marmion Manufacturing and Distributing Company, do have and recover of and from the defendant, Herrin Transportation Company, Inc., the sum of Three Hundred ($300.-00) Dollars; it is further ordered, adjudged and decreed by the court that defendant, Herrin Transportation Company, Inc., do have and recover of and from W. H. Marmion, Sr., doing business under the trade name of Marmion Manufacturing and Distributing Company, the sum of Thirty ($30.00) Dollars on its cross-action; it is further ordered, adjudged and .decreed by the court that all costs of suit be taxed against the defendant, Herrin Transportation Company, Inc.; it is further ordered, adjudged and decreed by the court that all parties to this suit have their execution for the recovery of their respective judgments, and that the Clerk of this Court have his execution for the costs of this suit; to all of which, defendant in open court then and there excepted and gave notice of appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District, sitting at Beaumont."

From this judgment appellant duly prosecuted its appeal to this court.

█ The judgment of the lower court is not a final judgment from which an appeal can be prosecuted. The court should have set off the amount found in favor of appellant against the amount found in favor of appellee, and rendered judgment in favor of appellee for the difference. The failure of the court to do that rendered the judgment interlocutory; on this conclusion we are forced to dismiss the appeal. Harris v. O'Brien, Tex.Civ.App., 54 S.W.2d 277, 280, and the many authorities cited therein; quoting from General Motors Acceptance Corp. v. Bodenheim, Tex.Civ.App., 37 S.W. 2d 312, one of the cases cited in the O'Brien Case, " 'Having determined appellee was entitled to recover of appellant a specified sum and that appellant was entitled to recover of appellee a different specified sum, the court should have set off the one sum against the other, and, having done so, should have rendered judgment for the balance in favor of the party entitled thereto. As the court did not do that, the judgment is not a final one from which an appeal could be prosecuted,' citing article 2211, R. S.1925; Walker v. Mears, 28 Tex.Civ.App. 210, 67 S.W. 167; Eastham v. Sallis, 60 Tex. 576; Kinney v. Tel. Co. (Tex.Com. App.) 222 S.W. 227."

█ When motion is filed in the lower court to make this judgment final by prop-

er order, we suggest that appellant's motion for a new trial be granted for the following reasons: (1) Appellee sued only for special damages; a common carrier is not liable for special damages in the absence of allegations that, at the time the shipping contract was entered into, it had knowledge or notice of circumstances rendering such damages the natural and probable result of a breach of the contract. 8 Tex.Jur. 351, 352. Appellee's petition did not contain these allegations. (2) Appellant was a common carrier, and was by law compelled to observe the freight rates fixed by the Railroad Commission, Vernon's Ann.P.C. art. 1690b (i). The freight rate fixed by the Railroad Commission for transporting appellee's freight from Houston to Beaumont greatly exceeded the alleged contract price of $30. The alleged contract was void, and gave no right of action to appellee for its breach. Wardlow v. Andrews, Tex.Civ. App., 180 S.W. 1161; Fort Worth & R. G. R. Co. v. Burns, Tex.Civ.App., 242 S.W. 295, 296; Wichita Falls & W. R. Co. v. Asher, Tex.Civ.App., 171 S.W. 1114. (3) The evidence raised the issue as a defense against appellee's cause of action that his freight would .have been released to him on the payment of $30. The court, overruling appellant's request, refused to make a finding on that issue; this ruling was error.

For the reason stated above this appeal is dismissed.