## MANLEY et al. v. RAZIEN et al.

### No. 5415.

Court of Civil Appeals of Texas. Amarillo.

March 30, 1942.

Curtis Douglass and Ennis Favors, both of Pampa, for appellants.

Walter E. Rogers, of Pampa, for appellees.

FOLLEY, Justice.

This suit was filed by the appellant, T. K. Manley, against the appellees, John Razien, Carl Crites, Earl Hesman and Don Blake, for injunction and damages in connection with the sale by Manley to Razien of certain junk iron and other metals situated in appellant's junk yards in Gray County. The appellant alleged that the appellees had destroyed and were destroying and converting to junk certain oil field

supplies belonging to him which had not been sold to Razien, to appellant's damages in the sum of $2,000. The court issued a restraining order and, later, a temporary injunction restraining the appellees from entering the junk yards of appellant or destroying or removing any property located on his premises. The appellee, John Razien, filed a cross action alleging that Manley had converted to his own use certain portions of junk sold to Razien, to the latter's damage in the sum of $6,000. The other appellees, who were merely employes of Razien, filed a cross action in which they each sought damages for $250 by reason of the granting of the injunctive relief to Manley wherein they were restrained from work.

The cause proceeded to trial on the merits before the court without a jury. The court entered judgment dissolving the injunction, granting Manley a judgment against the appellees, Razien, Crites, Hesman and Blake, for the sum of $1,000, jointly and severally, and granted Razien judgment in the sum of $2,000 against Manley and the two sureties upon the injunction bond, M. C. Overton, Jr. and I. L. Robinson. There was no offset ordered between the two recoveries. All the parties have appealed from this judgment, but in order to avoid confusion, we shall refer to T. K. Manley as the appellant, and Razien, Crites, Hesman and Blake as the appellees.

It is our opinion that the above judgment is not final but only interlocutory. Having determined that Manley was entitled to recover of Razien a specified sum, and that Razien was entitled to recover of Manley a specified sum, the court should have set off one sum against the other and rendered judgment only for the balance, and not having done so, the judgment is not a final judgment from which an appeal may be prosecuted. General Motors Acceptance Corporation v. Bodenheim, Tex.Civ.App., 37 S.W.2d 312; Harris v. O'Brien, Judge, et al., Tex.Civ.App., 54 S.W.2d 277; Nalle et al. v. Harrell et al., 118 Tex. 149, 12 S.W.2d 550; Walker et al. v. Mears, 28 Tex.Civ.App. 210, 67 S.W. 167; Article 2215, Vernon's Ann. Civ.St.

The appellees contend that the above rule does not apply to this case because of the presence of more than one defendant in each of the purported recoveries, it being their theory that the rule is inapplicable here because of the alleged right of contribution between the respective appellees. It is true that the purported $1,000 recovery against the appellees, Razien, Crites, Hesman and Blake, was based upon tort and, if appellees were in pari delicto, payment by any one of such defendants in judgment would ordinarily give him a right of action against his codefendants as joint tort-feasors for their pro rata part of the judgment. Article 2212, Vernon's Ann.Civ.St.; Gattegno v. The Parisian et al., Tex.Com.App., 53 S.W.2d 1005. It is also true that if the court had offset the larger recovery by the smaller, it would have resulted in Razien's payment of the full $1,000 purportedly owed by him and his three codefendants, but upon proper request, Razien's right of contribution, if any, from his codefendants could have been recognized by the trial court in a proper order to that effect, or under the provisions of Article 2212, Razien might have enforced his right of contribution, if any, in a subsequent action.

In view of the state of the record before us, we have no alternative under the above authorities except to dismiss this appeal.

Appeal dismissed.