Leona **WILLINGHAM** et vir., Appellants,

v.

Michael Joseph **HAGERTY**, Appellee.

No. 8752.

Court of Civil Appeals of Texas,
Amarillo.

April 29, 1977.

Crenshaw, Dupree & Milam, J. Orville Smith, Lubbock, for appellants.

Garner, Vickers & Purdom, Robert E. Garner, Lubbock, for appellee.

REYNOLDS, Justice.

Two opposing claimants were equally negligent in causing a collision and the trial court, acting under the Texas Comparative Negligence Act, decreed that they recover from each other one-half of the damages respectively sustained. The failure to strike a balance in favor of the claimant liable for the lesser amount results in an interlocutory order from which an appeal is not authorized. Dismissed.

An agreed statement of facts discloses that an automobile driven by Leona Willingham and one driven by Michael Joseph Hagerty, who was accompanied by his wife, collided in Lubbock County, Texas. Mrs. Willingham, joined by her husband, sued Hagerty for the personal injuries she sustained in the collision. Hagerty counterclaimed for damages to his automobile and his reasonable medical expenses, and his wife intervened to recover for her personal injuries.

A jury found that both Mrs. Willingham and Hagerty were equally negligent in proximately causing the collision. The jury fixed Mrs. Willingham's personal damages at $1,500. Stipulated by the parties were $3,096 for Mrs. Willingham's reasonable and necessary medical expenses, $1,952.42 for Hagerty's property damage and medical expenses, and $500 for Mrs. Hagerty's personal damages and medical expenses.

At a hearing on motions for judgment, the trial court was informed that the real parties at interest in proceeding with this cause are The Travelers Insurance Compa-

ny, which carried the liability insurance for the Willingham automobile, and State Farm Insurance Company, which carried the liability insurance for the Hagerty automobile, in amounts sufficient to cover all damages awarded. State Farm is contractually subrogated to Hagerty's claim for property damages by its payment of $1,141.28 for Hagerty's collision loss less a $250 deductible.

Counsel for The Travelers moved for judgment in favor of the Willinghams in the sum of $1,321.84, the balance after reducing both Mrs. Willingham's and Hagerty's damages by fifty percent and subtracting Hagerty's lesser damages from Mrs. Willingham's greater damages. State Farm's counsel stated that his client requested judgment be rendered for the Willinghams and against Hagerty in the sum of $2,298.05, for Hagerty and against the Willinghams in the sum of $976.21, and for Mrs. Hagerty and against the Willinghams in the sum of $500. Both counsel relied on that provision of the Texas Comparative Negligence Act, Vernon's Ann.Civ.St. art. 2212a, § 2(f) (Supp.1976), which reads:

> If the application of the rules contained in Subsections (a) through (e) of this section results in two claimants being liable to each other in damages, the claimant who is liable for the greater amount is entitled to a credit toward his liability in the amount of damages owed him by the other claimant.

The trial court, being of the opinion that the "is entitled to a credit" statutory language is permissive and Hagerty had the election not to pursue a set-off, purportedly rendered judgment in favor of each claimant as requested by State Farm. The award in favor of Mrs. Hagerty has been paid and it is not further noticed.

This appeal was filed in the names of the Willinghams and responded to in the name of Hagerty. They submit that the only matter is controversy is whether the quoted statutory provision is mandatory or permissive and, therefore, subject to election.

The Willinghams argue, by analogy to the law of discounts and set-offs, that the credit is automatic and mandatory as a matter of public policy and legislative intent. Hagerty replies that the unambiguous statutory words are permissive and clearly and distinctly express the legislative intent that the party owing the greater amount may at his election, and only if he chooses, request and receive towards his liability a credit in the amount owed him by the other claimant.

The question is one of first impression in Texas. The Act itself does not define the word "entitled," and we have found no Texas authority which speaks to the legislative use of the word, but authorities in other jurisdictions, as listed in Words and Phrases, have applied the ordinary meaning of the word in viewing legislative enactments. The ordinary meaning of "entitle," as shown in Webster's International Dictionary (2d ed.), is "to give a right or legal title to; to qualify (one) for (something); to furnish with proper grounds for seeking or claiming."

■ A primary rule of statutory construction is that the ordinary signification shall be applied to words of common use, V.A.C.S. art. 10, ¶ 1, and these statutory words are to be read according to their natural, ordinary and popular meaning. *National Life Co. v. Stegall*, 140 Tex. 554, 169 S.W.2d 155, 157 (1943). From this viewpoint and looking only to the phrase "is entitled," the words are read as permissive, giving an election to the claimant liable for the greater amount.

■ Yet, ascribing a permissive character to the word "entitled" poses a conflict with Rules 301 and 302, Texas Rules of Civil Procedure, neither of which was modified or repealed by the Comparative Negligence Act. By Rule 301 and its predecessor, V.A.C.S., art. 2211 (1931), there has been engrained in Texas jurisprudence the inviolate principle that only one final judgment may be rendered in any cause except where it is otherwise specifically provided by law. Under Rule 302 and its forerunner, V.A.C.S., art. 2215 (1931), if upon a counterclaim the defendant establishes a demand against the

plaintiff exceeding that established against him by the plaintiff, the court shall render judgment for the defendant for such excess. Consistent therewith, an unbroken line of decisions hold that a determination that plaintiff recover a specified sum from defendant, who, in turn, recovers from plaintiff a different specified sum is not a final judgment, but merely an interlocutory order, until the court strikes the balance of the two sums and renders judgment for the net amount in favor of the party whose recovery is greater. *General Motors Acceptance Corporation v. Bodenheim*, 37 S.W.2d 312 (Tex.Civ.App.—Texarkana 1930, no writ); *Harris v. O'Brien*, 54 S.W.2d 277 (Tex.Civ.App.—Beaumont 1932, no writ); *Herrin Transp. Co. v. Marmion*, 113 S.W.2d 291 (Tex.Civ.App.—Beaumont 1938, no writ); *Manley v. Razien*, 160 S.W.2d 995 (Tex.Civ.App.—Amarillo 1942, no writ).

The Comparative Negligence Act does not purport to authorize an appeal from a determination that each of two claimants shall recover a sum certain from the other; thus, ascribing to the phrase "is entitled" its ordinary meaning of permissiveness results in a nonappealable interlocutory order and leads to an absurdity which thwarts the express purpose of the legislature in enacting the Comparative Negligence Act. In that event and so long as the claimant elects not to take his credit, the nonappealable interlocutory order never can become final, a prerequisite for the enforcement of a judgment, and any recovery by a claimant, and particularly by the claimant suffering the greater amount of damages, is forever barred.

A purpose different from that was expressed by the legislature in repealing the contributory negligence law, which barred any recovery by a negligent party, and in enacting a modified form of comparative negligence. In the first section of V.A.C.S., art. 2212a (Supp.1976), the legislature declared that

> Contributory negligence shall not bar recovery in any action by any person or party or the legal representative of any person or party to recover damages for negligence resulting in death or injury to persons or property if such negligence is not greater than the negligence of the person or party or persons or parties against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributed to the person or party recovering.

The purpose is clearly expressed: recovery by a claimant whose negligence is not greater than the party against whom recovery is sought shall not be barred on account of such negligence. But, if the "is entitled to a credit" language of section 2(f) of the same act gives the party liable for the lesser damages an option to bar any recovery by the claimant, the legislative purpose is thwarted.

■ In this situation, the rule that statutory words will be read according to their ordinary meaning, as stated in *Trimmier v. Carlton*, 116 Tex. 572, 296 S.W. 1070, 1074 (1927), "ought not to be applied when this will lead to an absurdity or thwart the plain purpose of the Legislature." Instead, there is applied, in the language of *Wood v. State*, 133 Tex. 110, 126 S.W.2d 4, 7 (1939), "the settled law that statutes should be construed so as to carry out the legislative intent, and when such intent is once ascertained, it should be given effect, even though the literal meaning of the words used therein is not followed." In this regard, we must not look alone to any one phrase, clause or sentence of the Act, but to the entire Act itself. *Ex parte Roloff*, 510 S.W.2d 913, 915 (Tex.1974).

When the entire Act is considered, the plain purpose of the legislature can be affected only if the legislature intended to employ the language "is entitled to a credit," not to mean that an equally negligent claimant liable for the greater amount of damages has an election to prevent recovery by the opposing claimant, but to measure his liability as the amount in excess of the amount of damages owed him. We so hold.

■ Because the trial court professed to render money judgments in favor of each

claimant and against the other instead of applying the credit and rendering judgment for the net amount, only a nonappealable interlocutory order was entered. Consequently, the only jurisdiction we have is to dismiss the appeal.

The appeal is dismissed.