

# The Attorney General of Texas

December 31, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. William P. Daves
Chairman
State Board of Insurance
1110 San Jacinto
Austin, Texas    78786

Opinion No. MW-564

Re:  Solicitation of insurance

Dear Mr. Daves:

You ask whether any of three sample letters from lending institutions to borrowers reminding them to renew their hazard insurance policy constitutes solicitation of insurance in violation of articles 21.02, 21.02-1, 21.14, section 4 and 21.48A, section 2(c) of the Texas Insurance Code.

A summary of the factual context in which these letters are written is helpful. It is our understanding that it is common practice for a lending institution to require that a borrower obtain and maintain hazard insurance coverage on the collateral for a loan as a term of the written loan agreement. Such an insurance contract is generally negotiated for a one-year term while the loan agreement is generally for a term of fifteen, twenty or thirty years. We understand further that the borrower is required to provide the lending institution with a copy of the hazard insurance contract and that the lending institution generally sends out letters to the borrower to remind him to renew his hazard insurance coverage to insure continuous coverage as required by the loan agreement. We are advised that insurance agencies may be owned and operated by the same, or substantially the same, individuals who own and operate the lending institution that sends out such letter. Your inquiry relates to the specific language used in these letters reminding the borrower to renew his hazard insurance coverage. In particular, you ask whether certain language used in three sample letters violate provisions of the Texas Insurance Code which prohibit solicitation of insurance without a license.

At the outset, we should note that a financial institution cannot be licensed as an insurance agent because it is not "actively engaged in the soliciting or writing of insurance from the public generally" as required by section 5 of article 21.14 of the Texas Insurance Code. Thus, a lending institution is prohibited from engaging in acts of an insurance agent, such as soliciting insurance.

Various provisions of the Texas Insurance Code prohibit the solicitation of insurance on behalf of any insurance company without the proper license from the State Board of Insurance.  Ins. Code arts. 21.02; 21.02-1; 21.14.  However, the code does not define the term "solicitation."

Article 21.48A of the code, entitled "Prohibiting Certain Practices Relating to Insurance of Real or Personal Property," is directed to lenders who require insurance on real or personal property constituting collateral for loans.  Section 2(c) states:

> (c)  No Lender shall use or permit the use of any of the information taken from a policy of insurance insuring the property of a Borrower for the purpose of soliciting insurance business from the Borrower, or make any of such information available to any other person for any purpose, unless such Lender has first been furnished specific written authority from the Borrower permitting or directing such particular use or disclosure; provided, however, this paragraph shall not prevent a Lender who is a licensed local recording agent from selling insurance to a Borrower.

We would note that the proviso about local recording agents does not apply to lending institutions.  Section 1 of article 21.48A of the code defines "lender" as "any person, partnership, corporation, association, or other entity, or any agent, loan agent, servicing agent, or any loan or mortgage broker."  Thus, while a lending institution is a "lender," it nonetheless is disqualified as an insurance agent, which includes local recording agent, for the reasons discussed above.

The Texas Insurance Code does not define the word "solicit". Words that are not defined in a statute are given their ordinary significance unless they are words of art or words connected with a particular subject matter.  V.T.C.S. art. 10; National Life Company v. Stegall, 169 S.W.2d 155, 157 (Tex. 1943); Willingham v. Hagerty, 553 S.W.2d 137, 139 (Tex. Civ. App. - Amarillo 1977, no writ).  The word "solicit" is one of common usage and its meaning is simple and not subject to any peculiar usage.  Coutlakis v. State, 268 S.W.2d 192, 198 (Tex. Crim. App. 1954); Page v. State, 492 S.W.2d 573 (Tex. Crim. App. 1972).  In Attorney General Opinion WW-551 (1959), this office addressed the authority of the State Board of Morticians to promulgate rules governing solicitation, and related questions.  There it was stated:

> 'Solicit' is defined as:    'To    ask    for    with
> earnestness; to make petition to; to endeavor to
> obtain; to make or excite to action; to appeal to;
> or to invite.'

Black's Law Dictionary, 1248 (5th ed. 1979).

Applying these definitions to the solicitation of insurance, we conclude that any person, including a financial institution, who requests, asks or appeals to or recommends or entices a borrower to renew his hazard insurance policy with a particular insurance company would be soliciting insurance and would be held to be an agent of that company under article 21.02 and 21.02-1 of the Texas Insurance Code. Although the letters of the lending institutions recommend an insurance agency rather than an insurance company, articles 21.02 and 21.02-1 apply under the express terms of the statutes which provide that any person who does or performs any other act or thing in the making of any contract of insurance for or with any such insurance company other than for himself shall be held to be the agent of the company.  The act of recommending an insurance agency is an act in the making of an insurance contract.  Moreover, an insurance company, as a corporate body, can act only through its agents, and it expressly authorizes and appoints its agents to enter into insurance contracts.

Turning now to the specific letters about which you inquired, we believe that part of Example 1 is permissible, but Examples 2 and 3 are prohibited by the Texas Insurance Code.

The pertinent language of Example 1 is:

> We fully recognize your right of choice of agent
> or carrier in selecting hazard insurance on your
> dwelling.    However,    since    there    is    a    common
> interest between yourself and our firm in seeing
> that your hazard insurance is in a proper form and
> sufficient in an amount to cover your valuable
> home in the event of loss, we would be pleased to
> assist you in obtaining this insurance coverage.

> If you desire that we procure hazard insurance for
> your dwelling or have quotations provided to you
> for such insurance, it will be necessary for you
> to consent to our releasing the information which
> we have in your insurance file.  This consent can
> be given by signing the appropriate space below
> and    returning    this    letter    in    the    enclosed
> self-addressed envelope.

We believe the second paragraph of Example 1, if sent alone, would be permissible in light of article 21.48A, section 2(c), which allows the lender to use information taken from an insurance policy for the purpose of soliciting insurance business after obtaining written authority from the borrower-policyholder. This statutory provision clearly envisions and expressly provides for communications such as this. However, we believe the second sentence of paragraph one constitutes an invitation to assist the borrower in securing coverage and thus constitutes the solicitation of insurance. We cannot determine from the information presented whether this solicitation is made on behalf of an insurance company. If, however, this solicitation is in fact made to benefit an insurance company, the lender will violate the Insurance Code provisions under discussion.

The pertinent language of Example 2 is:

> For your renewal we recommend you contact [name of insurance agency]. In many cases, this agency can offer you more coverage for less premium than you are now paying.

> Please call [name of insurance agency] during office hours, 8:30 A.M. until 5:30 P.M. at [phone number of insurance agency]. Ask for [name of agent] or [name of agent].

We believe Example 2 is prohibited by articles 21.02 and 21.02-1 of the Texas Insurance Code because it recommends that the borrower renew his hazard insurance policy through a particular agency which sells insurance on behalf of an insurance company. It also entices a borrower by stating that the agency can offer "more coverage for less premium." This language treats the insurance agency as an insurance company because only a company can provide coverage. Moreover, Example 2 asks the borrower to call the insurance agency, and directs him to particular agents within the agency. Also, Example 2 can be considered to be "perform[ing] any other act or thing in the making or consummating of any contract of insurance."

The pertinent language of Example 3 is:

> It is our recommendation that you use [name of insurance agency] as your insurance agent. It has been found that in many instances insurance coverage can be purchased for less money than you are paying now. [name of insurance agency] can be contacted during office hours at [phone number of insurance agency]. Their address is [address of insurance agency].

Example 3 constitutes a solicitation of insurance in violation of articles 21.02 and 21.02-1 for the same reasons discussed relating to Example 2.

## S U M M A R Y

Articles 21.02, 21.02-1, 21.14, and 21.48A, section 2(c) of the Texas Insurance Code prohibit a lending institution from soliciting insurance which includes requesting, asking or appealing to or recommending or enticing a borrower to renew his hazard insurance policy with a particular insurance company or agency. On the other hand, article 21.48A, section 2(c) allows a lending institution to request written authorization from a borrower to release information from the borrower's file to an insurance agency for the purpose of soliciting insurance.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Yolanda McKeeman
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Yolanda McKeeman
Jim Moellinger
Bruce Youngblood